# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 28, 2011

No. 11-50129
Summary Calendar

Lyle W. Cayce
Clerk

JASON HOFFMAN,

Plaintiff-Appellant

v.

SARA STULGA, Probation Officer; FRANK OLVERIA, Probation Officer; ELI FERNANDEZ, Probation Supervisor; MICHAEL WODKINS, Counselor "Woodkins, Read & Associates"; JACKLEN NASH, "G.P.S." Officer; WILLIAM FITZGERALD, Chief of the Probations Department,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:09-CV-618

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Proceeding pro se, Jason Hoffman, a former Texas prisoner, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim. Hoffman filed suit against five employees of the Bexar County Probation Office and a counselor from a private firm. In his complaint, Hoffman alleged that the defendants conspired to deprive him of his constitutional rights,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

violated his Eighth, Fifth, and Thirteenth Amendment rights, engaged in retaliatory acts, and violated his due process rights.  He also sought injunctive relief, requesting a correction of his probation records, despite the fact that he was no longer on probation.

In reviewing whether the complaint fails to state a claim, a dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is reviewed under the same de novo standard for reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6).  *Black v. Warren,* 134 F.3d 732, 733-34 (5th Cir. 1998); *see Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (applying § 1915(e) to non-prisoner plaintiff).  To survive dismissal, the complaint "must state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citation omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Hoffman fails to address the district court's dismissal based on the applicability of the statute of limitations to claims arising prior to August 2007.  He also does not address the dismissal of his Fifth Amendment claims in his initial brief.  Further, Hoffman fails to argue the claims supporting his request for injunctive relief that he raised in the district court.  By failing to brief any argument challenging these issues, Hoffman has abandoned these claims on appeal.  *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas County Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Additionally, Hoffman raises several new claims on appeal.  He argues violations of HIPPA, the ADA, and the Federal Rehabilitation Act.  He also presents new claims of double jeopardy violations, the denial of psychotherapist-patient privilege, and the denial of First Amendment rights.  Hoffman further argues the new claim that he was wrongfully required to register as a sex offender and submits new evidence attached to his reply brief.  Though he presents this argument in connection with his request for injunctive relief, it is

a new argument. This court will not consider new claims raised for the first time on appeal. *Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999). Nor will this court consider new evidence on appeal. *Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 & n.26 (5th Cir. 1999).

Although Hoffman attempts to show that he has stated facts sufficient to support a claim of conspiracy among the defendants, none of the facts asserted by Hoffman show that the defendants conspired and agreed to deprive him of his constitutional rights. *See Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994). His claims of conspiracy amount to nothing more than speculation.

Hoffman alleges several facts in support of his claim that his Eighth Amendment rights were violated. Even if the Eighth Amendment's protections against cruel and unusual punishment apply to felons on probation, Hoffman fails to allege an extreme deprivation of life's necessities. *See Palmer v. Johnson*, 193 F.3d 346, 352 (5th Cir. 1999); *Davis v. Scott*, 157 F.3d 1003, 1006 (5th Cir. 1998). He also fails to allege facts which would support a claim that the defendants were deliberately indifferent to his serious medical needs. Though he claims that he was prevented from attending a medical appointment, he does not allege that the appointment was for a serious condition that placed his health at risk. Hoffman fails to allege that the defendants knew of a substantial risk of harm to his health and disregarded it. *See Farmer v. Brennan*, 511 U.S. 825, 827 (1994).

With regard to his arguments that the defendants violated his due process rights by imposing burdensome conditions of probation, Hoffman fails to state a claim for relief because he does not show that the conditions of which he complains, which include various claims related to the counseling he received, were stigmatizing or invasive. *See Meza v. Livingston*, 607 F.3d 392, 401 (5th Cir. 2010). His arguments challenging the handling of his grievances fail because he does not "have a federally protected liberty interest in having these

grievances resolved to his satisfaction." *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005).

Further, there are no facts alleged by Hoffman which would support a claim of a Thirteenth Amendment violation, as he does not allege being subject to involuntary servitude or slavery. *See Watson v. Graves*, 909 F.2d 1549, 1552 (5th Cir. 1990). Likewise, Hoffman's claim of retaliation fails because he does not show that the defendants engaged in any retaliatory act beyond threats. *See Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006). At most, Hoffman alleges acts which were de minimus and not "capable of deterring a person of ordinary firmness from further exercising his constitutional rights." *See id.* at 686.

Accordingly, the judgment of the district court is AFFIRMED.