**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**November 18, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
_____

No. 03-40600
_____

DAVID GENE MORRIS,

Plaintiff - Appellee,

versus

CHRISTY POWELL, ET AL.,

Defendants,

CHRISTY POWELL; CHARLES POWELL, Major; ANDY MASSINGILL, Warden,

Defendants - Appellants.

_____

Appeal from the United States District Court
for the Eastern District of Texas, Texarkana
District Court Cause No. 99-CV-263

_____

Before REAVLEY, BENAVIDES and PRADO, Circuit Judges.

PER CURIAM.[1]

David Gene Morris sued several employees of the Texas Department of Criminal Justice (TDCJ) for retaliation. In the district court, the TDCJ employees moved for summary judgment based on qualified immunity. The district court determined that material issues of fact precluded summary judgment and denied the motion. The TDCJ employees appeal the district court's denial of

_____

[1]Pursuant to 5TH CIRCUIT RULE 47.5, this Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

summary judgment.

In this appeal, the Office of the Texas Attorney General (AG), acting on behalf of the TDCJ employees, asks this court to establish a new rule of law.  Specifically, the Texas AG asks this court to require an inmate bringing a retaliation claim to show that he suffered a more than de minimis adverse act.  The Texas AG argues that this requirement would avoid endless litigation, assure that prisoners do not insulate themselves from disciplinary action by claiming retaliation, and avoid judicial involvment in minor disciplinary acts.  The Texas AG maintains that requiring a more than de minimis retaliatory act would help the courts screen inmate retaliation cases.

The Texas AG advanced this argument twice before the district court—first in its motion for summary judgment and again in its motion for reconsideration—but the district court did not address the argument.  Because the de minimis argument was not the Texas AG's main argument before the district court, this court cannot determine whether the district court declined to address the argument or whether the district court failed to address the argument through inadvertence.  The district court, nevertheless, deserves the first consideration of the argument.  Although this court will affirm a judgment on a ground not relied on by the district court,[2] this court does not ordinarily reverse

_____

[2]*See Johnson v. Sawyer*, 120 F.3d 1307, 1316 (5th Cir. 1997) (explaining that this court can affirm a summary judgment on

a district court on a ground it did not rely upon.  Reversing on an unrelied-upon basis deprives the district court of the opportunity to squarely address the issue and to develop a more complete record on the disputed matter.  For that reason, this court REMANDS this case to the district court for consideration of this argument.  Because the Texas AG's remaining arguments rely on fact questions over which this court lacks jurisdiction, the court DISMISSES the appeal to the extent that the appeal is based on those fact questions.

APPEAL DISMISSED; CASE REMANDED.

---

grounds not relied on by the district court if those grounds were asserted in that court by the movant).