United States Court of Appeals
Fifth Circuit

F I L E D

May 15, 2006

Charles R. Fulbruge III
Clerk

In the

United States Court of Appeals

for the Fifth Circuit

_____

N⁰ 05-40578
Summary Calendar

_____

DAVID GENE MORRIS,

Plaintiff-Appellant,

VERSUS

CHRISTY POWELL, ET AL.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Texas
N⁰ 5:99-CV-263

_____

Before SMITH, GARZA, and PRADO,
Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Inmate David Morris sued prison officials under 42 U.S.C. § 1983 for alleged retaliation against him for exercising his First Amendment right to use the prison grievance system. The district court determined that prisoners bringing such claims must allege more than a *de minimis* retaliatory act to establish a constitutional violation. Finding that the retaliation alleged by Morris did not pass this bar, the court granted the defendants' motion for summary judgment, from which Morris appeals. Because we agree with the district court's choice of legal standards but disagree in part with its application of the law to the facts, we vacate and remand.

## I.

On November 25, 1997, Morris submitted grievances to prison authorities concerning the way defendant Christy Powell ran the Telford Unit's commissary, where Morris was assigned to work. On December 1 of the same year, Morris was moved from the commissary to the kitchen. He worked in the kitchen's pot room on December 5 and was moved from the kitchen to the butcher shop on December 8. In May 1998 he was transferred from the Telford Unit to the Terrell Unit, where he presently resides.

Morris alleges that prison officials at the Telford Unit assigned him to a more taxing job in the kitchen in retaliation for the exercise of his constitutional right to file complaints against Powell. He also claims that his transfer to the allegedly less desirable Terrell Unit was an act of retaliation.

The defendants' first motion for summary judgment was denied on March 28, 2003. The district court found that disputed issues of material fact existed as to whether the transfer of Morris to different work assignments, and eventually to another prison, was a retaliatory response to his complaints against Powell. The defendants' motion for reconsideration was denied, and an appeal to this court followed. We remanded for consideration of whether an inmate's retaliation claim must allege more than a *de minimis* adverse act. *Morris v. Powell*, 114 Fed. Appx. 629 (5th Cir. 2004).

On remand, the district court held, as a matter of first impression in this circuit, that an inmate must allege more than a *de minimis* retaliatory act to proceed with a claim for retaliation. The court further determined, without discussion, that the retaliation alleged by Morris was *de minimis*, so the court dismissed the claim.

Morris contends that this court should not adopt the *de minimis* standard. In the alternative, he argues that even if *de minimis* retaliatory acts are deemed insufficient to support a § 1983 claim for retaliation, the retaliation he alleges was not *de minimis*.

## II.

We review a grant of summary judgment *de novo*, applying the same standard as does a district court. *BellSouth Telecommunications, Inc. v. Johnson Bros. Group*, 106 F.3d 119, 122 (5th Cir.1997). Summary judgment is appropriate when the record demonstrates that there is no issue of material fact and that the moving party is entitled to judgment as a matter of law. *Martinez v. Bally's La., Inc.*, 224 F.3d 474, 476 (5th Cir. 2001).

A prison official may not retaliate against or harass an inmate for complaining through proper channels about a guard's misconduct. *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995). "To prevail on a claim of retaliation, a prisoner must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998).

We must interpret the third prong of this test. The state argues that the district court correctly determined that acts of retaliation so inconsequential as to be considered *de minimis* do not satisfy the "retaliatory adverse act" requirement. Morris argues that any act of retaliation, however minor, is an actionable violation of an inmate's constitutional rights. He cites *Lewis v. Woods*, 848 F.2d 649, 651 (5th Cir. 1988), for the proposition that a violation of constitutional rights is never *de minimis*.

2

The question, however, is not whether the violation of Morris's constitutional rights was *de minimis*, but whether any violation occurred at all. To establish a constitutional violation, an inmate must show that he suffered a qualifying adverse retaliatory act. If the retaliation alleged by Morris does not pass this bar, he has suffered no constitutional injury.

Whether an allegation of *de minimis* retaliatory acts can support a retaliation claim is an issue of first impression in this court. The approach we have taken in deciding past inmate retaliation claims is, however, instructive. We have never upheld a retaliation claim that alleges only inconsequential, or *de minimis*, retaliatory acts by prison officials. Rather, our precedent is consistent with the proposition that an inmate must allege more than *de minimis* retaliation to proceed with such a claim.

In *Jones v. Greninger*, 188 F.3d 322, 325-26 (5th Cir. 1999), we affirmed the dismissal of a claim alleging that the inmate had been restricted to five hours a week in the law library in retaliation for filing grievances. Although retaliatory intent was properly alleged, the inmate's claim failed because the retaliatory adverse acts did not rise to the level of a constitutional violation. Similarly, in *Gibbs v. King*, 779 F.2d 1040, 1046 (5th Cir. 1986), we upheld a dismissal, writing that "a single incident, involving a minor sanction, is insufficient to prove [retaliatory] harassment." Thus, without explicitly applying a *de minimis* test, this court has refused to recognize retaliation claims based only on allegations of insignificant retaliatory acts.[1]

When confronted with more serious allegations of retaliation, however, we have not hesitated to recognize the legitimacy of an inmate's claim. In *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003), we reversed summary judgment dismissing a retaliation claim where the alleged adverse act was twenty-seven days of commissary and cell restrictions. Although we declined to adopt such a test, we noted that "the penalties imposed on Hart do not qualify as '*de minimis*' under various standards cited by other circuits."

Likewise, in *Parker v. Carpenter*, 978 F.2d 190, 192-93 (5th Cir. 1992), we held that retaliation in the form of transferring the inmate to a more violent section of the prison was sufficient to support a retaliation claim. In *Jackson v. Cain*, 864 F.2d 1235, 1248 (5th Cir. 1989), we overturned summary judgment where an inmate alleged that he had been transferred to a less desirable job within the prison in retaliation for filing grievances. The inmate, who had worked in a light labor job, was moved for forty-seven days to a job that subjected him to extreme hardship and serious health risks.[2]

---

[1] (...continued)
iatory] act to establish constitutional harm." *Pierce v. Tex. Dep't of Crim. Justice, Institutional Div.*, 37 F.3d 1146, 1149 n.1 (5th Cir. 1994). Although the law on inmates' retaliation claims follows a different line of cases, we note that to uphold inmate retaliation claims in cases where only trivial retaliation is alleged, as Morris urges, would effectively elevate the constitutional rights of inmates over those of government employees.

[2] The *Jackson* court described the job to which the inmate in that case was moved in retaliation for writing grievance letters:

(continued...)

---

[1] In the context of claims by state employees alleging retaliation for the exercise of First Amendment rights, we require "more than a trivial [retal-
(continued...)

As we acknowledged in *Hart*, other circuits have provided persuasive guidance on the quantum of retaliation necessary to support an inmate's § 1983 claim.[3] The District of Columbia Circuit has held that an inmate's retaliation claim must allege adverse acts that "would chill or silence a person of ordinary firmness from future First Amendment activities." *Crawford-El v. Britton*, 93 F.3d 813, 826 (D.C. Cir. 1996) (en banc), *vacated on other grounds*, 523 U.S. 574 (1998). That reasoning was left undisturbed when the Supreme Court vacated the decision. The Court wrote: "The reason why such retaliation (for the exercise of First Amendment rights) offends the Constitution is that it threatens to inhibit exercise of the protected right." *Crawford-El v. Britton*, 523 U.S. 574, 588 n.10 (1998). *See also Hartman v. Moore*, 2006 WL 1082843, at *4 (U.S. Apr. 26, 2006). The Sixth Circuit later held that the D.C. Circuit's *Crawford-El* standard "is the appropriate standard by which to determine what type of action is sufficiently adverse to be cognizable in a retaliation claim under § 1983." *Thaddeus-X v. Blatter*, 175 F.3d 378, 397 (6th Cir. 1999).

In adopting this standard, the Sixth and D.C. Circuits based their reasoning on the Seventh Circuit's rejection, in the employment retaliation context, of *de minimis* retaliation claims: "It would trivialize the First Amendment to hold that harassment for exercising the right of free speech was always actionable no matter how unlikely to deter a person of ordinary firmness from that exercise . . . ." *Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982). The Second Circuit has employed a similar *de minimis* standard, asking whether the retaliation alleged by an inmate rose to the level of that which would deter the exercise of a constitutional right. *See Davidson v. Chestnut*, 193 F.3d 144, 149-50 (2d Cir. 1999).

The *de minimis* standard enunciated by our sister circuits is consistent with this court's precedent. The standard achieves the proper balance between the need to recognize valid retaliation claims and the danger of "federal courts embroil[ing] themselves in every disciplinary act that occurs in state penal institutions." *Woods*, 60 F.3d at 1166. The purpose of allowing inmate retaliation claims under § 1983 is to ensure that prisoners are not unduly discouraged from exercising constitutional rights. *See Crawford-El*, 523 U.S. at 588 n.10. Some acts, though maybe motivated by retaliatory intent, are so *de minimis* that they would not deter the ordinary person from further exercise of his rights. Such acts do not rise to the level of constitutional violations and cannot form the basis of a §1983 claim.

We must explain, however, that this thresh-

---

[2](...continued)
He was required to work in a barn shoveling unshucked corn that was over a year old and contaminated with rats' nests, insects, and clods of white, sandy dust. He had to work unmasked while covered with corn dust in addition to pushing an iron wagon full of corn approximately 80 feet ten times a day throughout the 47 day period. His nose bled, his hair fell out, and his face broke out in sores. He was also required to mow grass for two hours a day with a sub-standard push lawn mower. He claims he was the only member of the crew required to do the mowing. After roughly a month of this treatment Jackson claims Terry Thompson told him on June 20th that if he would stop writing letters to Col. Donald McNeil they would rescind this punishment.

*Jackson*, 864 F.2d at 1239.

[3] *See Hart*, 343 F.3d at 764 (citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 396 (6th Cir.1999)).

4

old is intended to weed out only inconsequential actions and is not a means to excuse more serious retaliatory acts by prison officials. Retaliation against a prisoner is actionable only if it is capable of deterring a person of ordinary firmness from further exercising his constitutional rights.

### III.

With this standard in mind, we turn to the specific retaliation alleged by Morris to determine whether the actions of the Telford Unit officials would have deterred a person of ordinary firmness from exercising his First Amendment right to file grievances against prison officials. Because this is a review of summary judgment against Morris, we are bound to view the pleadings and evidence in the light most favorable to Morris. *See Smith v. Xerox Corp.*, 866 F.2d 135, 137 (5th Cir. 1989).

Morris alleges two distinct instances of retaliation. First, he claims he was moved to a less desirable job within the prison. Second, he avers that his transfer to the Terrell Unit was retaliation. According to Morris, it is common knowledge that the Terrell Unit is a harsher environment for prisoners than is the Telford Unit. When the district court first ruled on summary judgment motions, it denied summary judgment because issues of material fact existed regarding both of Morris's claims. After this court asked the district court to consider the *de minimis* issue, that court granted summary judgment when it found that neither of Morris's retaliation claims, as alleged, meets the *de minimis* threshold.

On the job-transfer claim, the district court correctly determined that Morris's allegations do not rise to the level of actionable retaliation. The summary judgment evidence indicates that although Morris's official job classification was switched from the commissary to the kitchen for about six weeks, he was actually made to work in the kitchen for only a week at most. He spent just one day in the "pot room," which is evidently an unpleasant work station. He was then moved to the butcher shop, and he raises no complaints about that job.

Nothing in this sequence of events could support an inference that Morris's job transfers would have deterred him from the exercise of the right to file grievances. The transfers may have had a retaliatory motive, and Morris may have experienced discomfort for a few days as a result, but there is no evidence that the job transfers were more than *de minimis*. The standard adopted herein is designed to discourage precisely such claims of inconsequential retaliation. The district court did not err in granting summary judgment on Morris's job transfer claims.

In its order granting summary judgment, the district court did not specifically mention Morris's second claim, that he was transferred to an inferior prison in retaliation for filing grievances. Because the court granted summary judgment based on its adoption of the *de minimis* standard, we must assume it thought the prison transfer claim was *de minimis*.

We disagree. Transfer to a more dangerous prison is a much more serious retaliatory act than what has been considered *de minimis* in other circuits. We have held that transfer to a more dangerous section of the same prison is a sufficiently adverse retaliatory act to support a § 1983 claim. *See Parker v. Carpenter*, 978 F.2d 190, 192-93 (5th Cir. 1992). There is no doubt that transfer to a more dangerous prison as a penalty for the exercise of constitutional rights has the potential to deter the inmate from the future exercise of those rights. Ac-

5

cordingly, Morris's prison transfer claim meets the *de minimis* threshold, and summary judgment should not have been granted on that claim.

As the district court noted in its pre-remand order denying summary judgment, though further evidence may indicate that Morris's prison transfer claim is meritless, he has alleged events from which retaliation may plausibly be inferred, and his claim is facially valid. We find no reason to disagree with this assessment. All that has changed since the district court denied summary judgment is the adoption of the *de minimis* standard. Because Morris's allegation meets that standard, we remand for further consideration of the retaliatory prison transfer claim.

## IV.

The defendants assert qualified immunity. The initial two-part inquiry facing a court deciding a qualified immunity claim is (1) whether the violation of a constitutional right been alleged and, if so, (2) whether the right was clearly established. *Saucier v. Katz*, 533 U.S. 194, 210 (2001). These defendants are entitled to qualified immunity on the job transfer claim because there is no cognizable constitutional violation. On the prison transfer claim, however, the violation of a constitutional right has been properly alleged. Any further inquiry into the qualified immunity issue is not properly before this court. If the defendants wish to establish qualified immunity as to the prison transfer claim, they must ask the district court for a ruling.

The summary judgment is AFFIRMED in part, VACATED in part, and REMANDED for further proceedings as appropriate.