IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 7, 2008

Charles R. Fulbruge III
Clerk

No. 06-31230
Summary Calendar

GREGORY A JOHNSON

Plaintiff-Appellant

V.

POINTE COUPEE PARISH POLICE JURY

Defendant-Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
USDC Nos. 3:05-CV-268; 3:05-CV-183

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

This is an employment discrimination case. Gregory A. Johnson appeals the district court's grant of summary judgment in favor of his former employer, the Pointe Coupee Parish Police Jury ("Pointe Coupee"). Johnson sued Pointe Coupee for age and race discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., Title VII of the Civil Rights

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Act of 1964, 42 U.S.C. § 2000e et seq., 42 U.S.C. § 1981 and the Fourteenth Amendment.  We AFFIRM the judgment of the district court for the reasons below.

## I. FACTS AND PROCEEDINGS

Johnson worked for the Parks and Recreation Department of Pointe Coupee Parish ("the Department") for twenty years and was a full-time employee as of 1997.  At the time of his termination in 2004, he was Athletic Program Manager and Assistant Director for the Department. He served as an interim Department Director from time to time when the position was vacant.

Johnson was disciplined by several different supervisors while working for the Department. His supervisor Yvonne Chenevert reported him for insubordination numerous times in 1995 and 1996.  In 2001, Johnson's supervisor Jason Knapps and the Department oversight committee decided Johnson had abused his Department cell phone and took it away. When Knapps met with Johnson to communicate the decision, a heated argument ensued and Knapps wrote an employee incident report.  Johnson's relationship with his last supervisor, Sal Genusa, was particularly strained. Genusa and Johnson had several confrontations, which were documented in Johnson's personnel file. The incident that led to Johnson's termination occurred during a baseball tournament and involved a confrontation between Johnson and Genusa that took place in front of several coaches.

According to his deposition testimony, a Pointe Coupee official informed Johnson that he was terminated and that he had the right to go before the Pointe Coupee personnel committee to appeal his termination. Johnson went before the personnel committee where he had an opportunity to speak with Police Jury members about his termination. Following the recommendation of the personnel committee, the Pointe Coupee Parish Police Jury voted unanimously to terminate him. Johnson filed a timely charge of race

discrimination with the Equal Employment Opportunity Commission ("EEOC"), received a right to sue letter, and filed this action in district court.

## II. STANDARD OF REVIEW

Generally, a district court's grant of summary judgment is reviewed de novo. Morris v. Powell, 449 F.3d 682, 684 (5th Cir. 2006). Here we review the district court's judgment for clear error because Johnson failed to timely object to the magistrate's report and recommendations, which were adopted by the district court in its summary judgment ruling. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428–29 (5th Cir. 1996). The plain error standard requires that there be "an error that is plain and that affect[s] substantial rights." United States v. Olano, 507 U.S. 725, 732 (U.S. 1993) (internal quotations omitted).

Summary judgment is appropriate if there are no material issues of disputed fact and the moving party is entitled to judgment as a matter of law. Morris, 449 F.3d at 684. In employment discrimination cases "[i]t is more than well-settled that an employee's subjective belief that he suffered an adverse employment action as a result of discrimination, without more, is not enough to survive a summary judgment motion, in the face of proof showing an adequate nondiscriminatory reason" for the adverse action. Douglass, 79 F.3d at 1430.

## III. DISCUSSION

Johnson does not raise his claim under the Fourteenth Amendment, his claim under § 1981, or his claims of wage discrimination and failure to promote on appeal. This court "will not raise and discuss legal issues that [the appellant] has failed to assert." Brinkmann v. Abner, 813 F.2d 744, 748 (5th Cir. 1987). Claims that are not briefed on appeal are deemed to be abandoned. Id., see also FED. R. APP. PROC. 28(a)(9).

The district court dismissed Johnson's claims under the ADEA because he failed to exhaust his administrative remedy when he did not file an age discrimination claim with the EEOC. Johnson does not contest this finding or

state that he has amended his EEOC complaint to include age discrimination. He merely says that the district court should have considered whether his age discrimination claim ought to be remanded to the EEOC "for consideration on the merits."

Under 29 U.S.C. § 626(d), "no civil action may be commenced by an individual under [the ADEA] until 60 days after a charge alleging unlawful discrimination has been filed with the [EEOC]." See also Taylor v. Books A Million, Inc., 296 F.3d 376, 378–79 (5th Cir. 2002) ("Employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court. Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue."). Thus a plaintiff must file a charge of age discrimination with the EEOC before filing a civil lawsuit under the ADEA—something which Johnson has yet to do.

Johnson filed a charge with the EEOC on July 25, 2004, alleging discrimination on the basis of race for his termination. He did not check the box for age discrimination. In his statement of particulars, he said "I was discharged on June 1, 2004. . . . because of insubordination. I believe that I was discriminated against . . . because of my race . . . because [a white colleague] was given a choice to resign or be fired and I was not insubordinate." He did not mention age discrimination in the EEOC charge. From the record it appears that he never amended his EEOC charge to include allegations of age discrimination. Johnson has failed to comply with the statutory requirements for bringing suit under the ADEA and his claim was not properly before the district court. The district court correctly dismissed his age discrimination claim and we affirm.

Johnson timely filed an EEOC charge with regard to his Title VII claim for unlawful termination on the basis of race. The district court dismissed Johnson's Title VII claim because Johnson failed to show that he would be able to make out a prima facie case of discriminatory discharge at trial. To establish a prima facie

case for race discrimination Johnson must show that he is a member of a protected class, that he was discharged, that he was otherwise qualified for the position he held, and that the position remained open and was ultimately filled by someone not in his protected class. See St. Mary's Honor Center v. Hicks, 509 U.S. 502, 506 (1993). The district court found that Johnson did not introduce any evidence with regard to the fourth element of his prima facie case, and that he could not show that race was not a neutral factor in his termination.

Johnson continues to rest on conclusory statements without presenting competent evidence to demonstrate that the district court clearly erred. Such statements are not capable of sustaining Johnson's burden on summary judgment. "[U]nsupported allegations or affidavits setting forth ultimate or conclusory facts and conclusions of law are insufficient to either support or defeat a motion for summary judgment." Galindo v. Precision Am. Corp., 754 F.2d 1212, 1216 (5th Cir. 1985) (internal quotation omitted).

## IV. CONCLUSION

We AFFIRM the district court's grant of summary judgment in favor of Pointe Coupee.