# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 29, 2008

Charles R. Fulbruge III
Clerk

No. 07-40782
Summary Calendar

JOEL ROMERO

Plaintiff-Appellant

v.

JEFFREY LANN, Lieutenant at Telford Unit; BRANDI R GRAY, Correctional Officer at Telford Unit; D KAY SHELTON, Mid Level Practitioner; DAVID MOORE, Nurse Clinician

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:06-CV-82

Before WIENER, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Joel Romero, Texas prisoner # 899767, filed the instant 42 U.S.C. § 1983 suit to seek redress for various wrongs allegedly committed by several officials at the facility where he was incarcerated. The district court granted the defendants' motion for summary judgment and dismissed Romero's suit. Romero now appeals that dismissal. This court reviews the grant of a motion for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

summary judgment de novo. Threadgill v. Prudential Sec. Group, Inc., 145 F.3d 286, 292 (5th Cir. 1998). Summary judgment is appropriate if the record discloses "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). To raise a valid § 1983 claim, a plaintiff must prove that a state actor infringed his constitutional rights. Resident Council v. United States Dep't of Hous. and Urban Dev., 980 F.2d 1043, 1050 (5th Cir. 1993).

The appellant argues that the district court erred by dismissing his claims of deliberate indifference to serious medical needs and retaliation. He also contends that the district court wrongly rejected his challenges to his disciplinary convictions. He argues that the defendants' deliberate indifference is evidenced by his medical records, which he alleges show that, in one instance, his medication was ordered two weeks later than two of the defendants said they provided it to him. Romero also contends that the disciplinary charges against him were fabricated. Romero's conclusional assertions on these claims are insufficient to establish a valid § 1983 claim or to show that the district court erred by rejecting these claims. See Babb v. Dorman, 33 F.3d 472, 476 (5th Cir. 1994).

We reject Romero's assertion that a retaliatory motive is shown by the reversal of one of his disciplinary convictions. An examination of the record confirms that one conviction was overturned, but there is nothing in the record to suggest that this action was due to a finding that the charge was false or was otherwise flawed in such a way as to support Romero's assertions that the charge was brought solely to retaliate against him. See Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995). Romero's challenge to the district court's rejection of his claim concerning the denial of two meals over an eight month period fails because this action was de minimis. See Morris v. Powell, 449 F.3d 682, 684 (5th Cir.), cert. denied, 127 S.Ct. 596 (2006).

The district court did not err by granting the defendants' motion for summary judgment before Romero could complete discovery because Romero did not establish that he was entitled to the discovery he sought. See Harlow v. Fitzgerald, 457 U.S. 800, 817-18 (1982). Romero's contention that the district court erred by not recognizing his claims concerning his right to file grievances and to have them reviewed likewise does not show error in connection with the district court's judgment. See Jones v. North Carolina Prisoners Labor Union, 433 U.S. 119, 137-38 (1977) (Burger, J., concurring); Geiger v. Jowers, 404 F.3d 371, 373-74 (5th Cir. 2005)). The record controverts Romero's assertion that the district court erred by making credibility judgments when analyzing the parties' motions for summary judgment.

There is also no error with respect to district court's decision to grant the defendants' motion for summary judgment on Romero's claim concerning their alleged violation of prison regulations. See Hernandez v. Estelle, 788 F.2d 1154, 1158 (5th Cir. 1986). Romero's claim that the defendants engaged in a pattern of retaliatory behavior is marked by "an excessively high level of generality" and is unavailing. See Roberts v. City of Shreveport, 397 F.3d 287, 294 (5th Cir. 2005). Finally, our review of the record contradicts Romero's arguments that the district court improperly interpreted several cases.

The judgment of the district court is AFFIRMED.