# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 22, 2013

No. 11-40716
Summary Calendar

Lyle W. Cayce
Clerk

WESLEY LEE EVERETT,

Plaintiff-Appellant

v.

CHRIS BACA, Practice Manager; ROBERT BEHRNS, Provider M.D., also known as Robert Bebens; DR. ALAN ZOND, Provider; TERESA POPE,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:11-CV-27

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Wesley Lee Everett, Texas prisoner # 321293, appeals the district court's dismissal of his 42 U.S.C. § 1983 action pursuant to 18 U.S.C. § 1915A(b)(1), arguing that the district court erred in dismissing his claim that the defendants retaliated against him by discontinuing a prescription for Nortriptyline and refusing to provide medical boots that he alleged were necessary due to his osteoarthritis, demonstrating deliberate indifference.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-40716

A review of Everett's prison medical records indicates that he received extensive care, that prison physicians determined his Nortriptyline prescription should be discontinued, and that he did not have a need for medical boots. Everett's disagreement with this medical treatment is insufficient to establish an unconstitutional denial of medical care. *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). Even if the discontinuation of the prescription or the denial of medical boots amounted to medical malpractice or negligence, it would be insufficient to establish a constitutional violation. *See id.* Because the medical records do not indicate that the defendants refused to treat Everett, ignored his complaints, or intentionally treated him incorrectly, the district court did not err in dismissing Everett's claim. *See Domino v. Tex. Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).

For the first time on appeal, Everett challenges the policy of the Texas Department of Criminal Justice on orthopedic footwear and requests production of various documents. This court will not consider an issue that a party fails to raise in the district court absent extraordinary circumstances, such as when the issue involved is a pure question of law and a miscarriage of justice would result from the failure to consider it. *AG Acceptance v. Veigel*, 564 F.3d 695, 700 (5th Cir. 2009); *Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

According to Everett, the defendants retaliated against him for giving Nurse Pope a threatening note by denying his prescription and medical boots. Everett has not shown that he has a constitutional right to give a threatening note to Nurse Pope. *See, e.g., Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006) (holding that prison official may not retaliate against prisoner for filing grievances); *Jackson v. Cain*, 864 F.2d 1235, 1248 (5th Cir. 1989) (holding that inmates have certain First Amendment rights, such as the right to file grievances, as long as they are not inconsistent with an inmate's status and do not adversely affect a legitimate state interest). Therefore, he failed to allege or

show that the defendants retaliated against him for exercising a constitutional right.  *See McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998).

Everett asserts that the district court abused its discretion in denying his motion to amend his complaint to add a claim against additional defendants, including Assistant Warden Lester and others, that they failed to protect him from harm threatened by other inmates, failed to respond to his grievance raising this issue, and continued to house him with inmates who had threatened him.  Because the claims in the supplemental complaint did not stem from the original cause of action, the district court did not abuse its discretion in denying the motion as the inclusion of supplemental claims would have unduly complicated the instant case.  *See Griffin v. County Sch. Bd. of Prince Edward County*, 377 U.S. 218, 226 (1964); *Burns v. Exxon Corp.*, 158 F.3d 336, 343 (5th Cir. 1998).

Finally, Everett contends that the magistrate judge erred in denying his motion for appointment of counsel.  Because Everett has not shown that this case presents exceptional circumstances, he has not shown that the district court abused its discretion in denying his motion for appointment of counsel.  *See Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989).

AFFIRMED.