# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 17, 2013

No. 12-40513
Summary Calendar

Lyle W. Cayce
Clerk

WILLI FREE I GARNER,

Plaintiff-Appellant

v.

CANDACE MOORE, Law Library Supervisor; J. M. GARCIA, Assistant
Director, Region IV; VICKIE BARROW, Program Specialist III, Access to
Courts; JESSE WALDEN, Law Library Officer; BELINDA J. FERNANDEZ,
Law Library Officer; OFFICER GERALD OR JOE R. MARTINEZ, Law Library
Officer; Senior Warden ERNEST GUTIERREZ, JR.; Assistant Warden
ROBERT CRITES; Assistant Warden NORRIS JACKSON,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:11-CV-169

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Willi Free I Garner, Texas prisoner # 606635, appeals the district court's

grant of summary judgment for the defendants and dismissal of his 42 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

§ 1983 complaint. Garner alleged that the defendants denied him access to the courts and retaliated against him for complaining about the law library and its staff in a prior proceeding, in various prison grievances, and in various letters of complaint he sent to prison officials. Some claims and defendants were dismissed pursuant to the initial screening provisions of 28 U.S.C. § 1915A, and Garner voluntarily dismissed Jesse Walden. As for the remaining defendants, Candace Moore, Joe Martinez, and Belinda Fernandez, the district court granted summary judgment based on its conclusions that Garner lacked standing to bring a claim of denial of access to the courts, that he had failed to administratively exhaust two of his claims, and that the defendants were entitled to qualified immunity because Garner had not established a valid claim of retaliation.

Because the parties did not object to the magistrate judge's report and recommendation, which the district court adopted, we review for plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc). To show plain error, a party must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States,* 556 U.S. 129, 135 (2009). Even if a party makes such a showing, this court has the discretion to correct the error, but only if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.*

As an initial matter, the district court erred in finding that Garner lacked standing to bring a claim of denial of access to the courts because he had not shown an actual injury. For purposes of standing, the "injury in fact" test requires both "an injury to a cognizable interest" and that "the party seeking review be himself among the injured." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 563 (1992). If the plaintiff was the "object" of the challenged action, then "there is ordinarily little question that the action or inaction has caused him

injury." *Id.* at 561-62; *see also United States v. DeCay,* 620 F.3d 534, 538 n.2 (5th Cir. 2010) ("[W]hether [a plaintiff] has standing to make the argument is distinct from whether the argument has merit."). Garner was the "object" of the defendants' actions, which allegedly interfered with his constitutional rights, and he was himself among the injured. *See Lujan,* 504 U.S. at 561-63. Nonetheless, for the reasons discussed below, Garner has not shown that this error affected his substantial rights.

The district court also concluded that Garner failed to exhaust his administrative remedies for his claims that he was denied legal materials in August and September 2009 and that he was denied law library access in October 2009. Under the Prison Litigation Reform Act, a prisoner must exhaust his available administrative remedies prior to filing a Section 1983 complaint. 42 U.S.C. § 1997e(a). The district court found no evidence in the record that Garner filed any grievances between July 5, 2009, and December 8, 2009. On appeal, Garner argues he exhausted those administrative remedies that were available and that he filed other grievances that were lost, destroyed, or ignored. Yet Garner points to no evidence that supports his assertion that other grievances were lost, destroyed, or ignored. "[C]onclusory allegations, unsubstantiated assertions, or only a scintilla of evidence" will not satisfy the nonmoving party's burden on summary judgment. *Freeman v. Tex. Dep't of Criminal Justice,* 369 F.3d 854, 860 (5th Cir. 2004). Garner has not shown the district court plainly erred in finding that he failed to show he exhausted these claims. *Puckett*, 556 U.S. at 135.

The district court granted summary judgment and dismissed Garner's remaining claims based on a conclusion that the defendants were entitled to qualified immunity. The test for qualified immunity has two prongs: "(1) whether the plaintiff has alleged a violation of a clearly established

constitutional right; and (2) if so, whether the defendant's conduct was objectively unreasonable in the light of the clearly established law at the time of the incident." *Domino v. Tex. Dep't of Criminal Justice,* 239 F.3d 752, 755 (5th Cir. 2001). The district court determined Garner had failed to establish a constitutional violation.

In his complaint, Garner alleged that prison officials retaliated against him for filing or threatening to file grievances and lawsuits and denied him access to the courts. A prisoner alleging retaliation must establish "(1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006). Retaliation "is actionable only if it is capable of deterring a person of ordinary firmness from further exercising his constitutional rights." *Id.* at 686. To establish an intent to retaliate, an "inmate must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred." *Woods v. Smith,* 60 F.3d 1161, 1166 (5th Cir. 1995) (quotation marks omitted). To satisfy the causation element, a prisoner must show that the adverse act would not have occurred "but for the retaliatory motive." *McDonald v. Steward,* 132 F.3d 225, 231 (5th Cir. 1998).

Many of Garner's claims of retaliation involved actions allegedly taken by defendant Walden, but Garner dismissed Walden as a defendant. In addition, to the extent Garner is arguing that the remaining defendants should be subject to supervisory liability for Walden's actions, there generally is no vicarious supervisory liability in a Section 1983 case. *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987).

The district court concluded that threats to deny Garner law library access on two specific occasions in April and June 2009 were *de minimis* and

insufficient to establish a valid retaliation claim. Garner does not allege that he actually was denied access on either date or that the threats dissuaded him from seeking library access in the future. Mere threats do not amount to a constitutional violation. *See Bender v. Brumley,* 1 F.3d 271, 274 n.4 (5th Cir. 1993); *McFadden v. Lucas,* 713 F.2d 143, 146 (5th Cir. 1983). Garner has not shown that the district court plainly erred in finding that these threats were *de minimis* and not actionable in a Section 1983 proceeding. *See Morris,* 449 F.3d at 686; *Bender,* 1 F.3d at 274 n.4; *Puckett,* 556 U.S. at 135.

Garner also asserted that the defendants denied him law library access on multiple occasions in May, June, and July 2009. The district court found Garner had alleged that Moore's motivation for denying him access to the law library was her anger over a July 2007 court hearing. Because of the nearly two-year delay between the July 2007 hearing and the allegedly retaliatory denial of access to the law library, which began in April 2009, the district court found that retaliatory intent could not be plausibly inferred, nor could it be shown that a retaliatory intent was the cause of the denial of access. On appeal, Garner argues the July 2007 hearing was the initial motivation for retaliation, but it was his subsequent grievances and threats to file a lawsuit that caused the retaliation to continue.

Although Walden allegedly made statements that suggest he had retaliatory intent, Garner did not allege that any similarly direct statements were made by any of the remaining defendants. To the extent Garner asserted that the alleged retaliation in 2009 was motivated by the July 2007 hearing, he has not shown the district court plainly erred in finding that he failed to establish "a chronology of events from which retaliation may plausibly be inferred." *Woods,* 60 F.3d at 1166. Garner also argues that the defendants denied him law library access in retaliation for his continued filing of

grievances and threats to file suit.  Given that Garner filed grievances beginning on April 30, 2009, and he allegedly was denied law library access beginning on May 3, 2009, he arguably has shown a chronology of events from which retaliation may be inferred.  Still, Garner's grievance records show that access was denied because he failed to fill out his request forms properly. Because Garner failed to establish that any retaliatory intent was the "but for" cause of the alleged denial of access to the law library, the district court did not plainly err in finding that he had not established a valid claim of retaliation. *See McDonald,* 132 F.3d at 231;  *Puckett,* 556 U.S. at 135.

Garner next claimed that during a lockdown period from December 2009 to January 2010, the defendants retaliated against him by failing to timely fulfill his requests for indigent supplies and legal materials.  The district court concluded that Garner eventually received everything he had requested and that mere delay in the receipt of the requested supplies was *de minimis* because such action would not deter a person of ordinary firmness from exercising their rights.   On appeal, Garner presents only conclusional assertions and distinguishable cases to argue that these delays were more than *de minimis.*  He has not shown that the district court plainly erred in finding that these delays were *de minimis. See Morris,* 449 F.3d at 686; *Puckett,* 556 U.S. at 135.

The district court also found that many of Garner's requests were improperly made: Garner often failed to provide the required justification for additional indigent supplies, made multiple requests on a single form, or signed his name incorrectly.  Because his failure to properly complete request forms explained the failure to receive some supplies in a timely manner, the district court concluded Garner had not shown that a retaliatory intent was the cause of the delays.  The evidence in the record shows that Garner's failure to

6

properly fill out request forms caused delays in his receipt of requested materials. Therefore, he has not established that the district court plainly erred in finding that he had not shown any alleged retaliatory intent caused the delay in his receipt of supplies. *See Puckett,* 556 U.S. at 135.

Based on its conclusion that Garner lacked standing to bring his claim of denial of access to the courts, the district court did not consider this claim on the merits. Although the finding that Garner lacked standing constituted an error that was plain, to obtain relief, Garner must also show that this error affected his substantial rights. *Puckett*, 556 U.S. at 135. To prevail on a claim for denial of access to the courts, Garner must demonstrate that he suffered actual harm, such as the dismissal of a complaint for failure to meet a technical requirement or the complete inability to file a complaint. *See Lewis v. Casey,* 518 U.S. 343, 349, 351 (1996). Because Garner failed to show that he suffered actual harm as a result of any alleged denial of access to the courts, the error in finding that he lacked standing to bring such a claim did not affect his substantial rights. *See Puckett,* 556 U.S. at 135; *Lewis,* 518 U.S. at 349.

AFFIRMED.