NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0157n.06

No. 13-6159

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Feb 26, 2014
DEBORAH S. HUNT, Clerk

ERIC LLOYD HERMANSEN,    )
                        )
    Plaintiff-Appellant,  )
                        )    ON APPEAL FROM THE UNITED
v.                      )    STATES DISTRICT COURT FOR
                        )    THE WESTERN DISTRICT OF
KENTUCKY DEPARTMENT OF   )    KENTUCKY
CORRECTIONS, et al.,    )
                        )
    Defendants-Appellees.  )

BEFORE:  KEITH, COOK, and KETHLEDGE, Circuit Judges.

PER CURIAM.  Eric Lloyd Hermansen, a Kentucky state prisoner, appeals through counsel a district court order dismissing his civil rights complaint, filed pursuant to 42 U.S.C. § 1983, for failure to state a claim.

Hermansen's complaint alleged that he was transferred from one prison to another in retaliation for his helping other inmates with their grievances and court filings.  He also asserted a claim for intentional infliction of emotional distress, which he later abandoned.  The district court granted defendants' motion to dismiss the complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6), reasoning that Hermansen had not shown that he was engaged in protected conduct or that he had been the victim of an adverse action.  The court also denied Hermansen's motion for reconsideration of these issues.  He reasserts his arguments on appeal.

The dismissal of a complaint under Rule 12(b)(6) is reviewed de novo. *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). To avoid dismissal under Rule 12(b)(6), a complaint must contain enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To state a claim for retaliation in violation of his First Amendment rights, Hermansen was required to allege that he engaged in protected conduct and suffered an adverse action that would deter a person of ordinary firmness from continuing to engage in that conduct. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 395-96 (6th Cir. 1999) (en banc).

Providing legal assistance to other prisoners has been found to be protected First Amendment activity where the other prisoners would otherwise be unable to pursue legal redress. *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000). In *Thaddeus-X*, the case on which Hermansen relies, it was demonstrated that an inmate needed the plaintiff's help to pursue his legal claim. *Thaddeus-X*, 175 F.3d at 396. Here, Hermansen's complaint stated only that he was helping another inmate with a grievance at the time of his transfer. He did not allege that the inmate was incapable of pursuing his own grievance or had no other source of help. Therefore, the district court correctly found that Hermansen failed to state a claim as to whether he was engaged in protected First Amendment conduct.

Moreover, even if Hermansen had alleged protected conduct, he did not allege an adverse action that would discourage such conduct. Normally, a transfer like this would not qualify as an adverse action. *Siggers-El v. Barlow*, 412 F.3d 693, 701-02 (6th Cir. 2005); *see also Smith v. Yarrow*, 78 F. App'x 529, 543 (6th Cir. 2003) (collecting cases). Hermansen points to two cases where a prison transfer was found to be an adverse action. In *Morris v. Powell*, 449 F.3d 682, 686-87 (5th Cir. 2006), a transfer to a more dangerous prison unit was found to state a claim of

an adverse action. In *Siggers-El*, 412 F.3d at 701-02, a transfer was found to be an adverse action where the plaintiff lost his job, rendering him unable to pay his attorney, and was moved to a location that made it difficult for the attorney to visit him, thus impairing his access to the courts. In Hermansen's complaint, he did not allege that his new prison assignment was more dangerous. He also did not complain that his own access to the courts was impaired in any way, only that of his former fellow inmates.

Accordingly, we affirm the district court's order dismissing this complaint.