# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-41097

United States Court of Appeals
Fifth Circuit

**FILED**

March 13, 2014

Lyle W. Cayce
Clerk

EDUARDO SANCHEZ,

Plaintiff-Appellant

v.

JEFFERY CALFEE; DAVID HUDSON; LIEUTENANT WILLIAMS JONES; SERGEANT HEBERT MCCOO; BENNIE WARE, Correctional Officer; TERRY CORNELIUS, also known as Terry Cornelious; UNIT GRIEVANCE INVESTIGATOR, Telford Unit,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:12-CV-112

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Eduardo Sanchez, Texas prisoner # 873766, moves to proceed in forma pauperis (IFP) to appeal the dismissal of his 42 U.S.C. § 1983 complaint, in which he asserted claims of retaliation for his filing of prison grievances against various employees of the Texas Department of Criminal Justice. The district court granted the defendants' motion for summary judgment on the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

grounds that the claims were time barred and/or lacked merit, and the defendants were entitled to Eleventh Amendment immunity and qualified immunity.  The district court certified that the appeal had not been taken in good faith and denied Sanchez permission to proceed IFP.

By moving to proceed IFP, Sanchez is challenging the district court's certification that his appeal is not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).  We may dismiss the appeal if it is frivolous.  *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

We review the grant of summary judgment de novo, applying the same standards as the district court.  *10 Ring Precision, Inc. v. Jones*, 722 F.3d 711, 717 (5th Cir. 2013).  All facts and inferences are construed in the light most favorable to the nonmoving party.  *Maddox v. Townsend & Sons, Inc.,* 639 F.3d 214, 216 (5th Cir. 2011).  Summary judgment is appropriate where the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).

As an initial matter, Sanchez contends that the district court did not apply the proper standard in considering the defendants' summary judgment motion.  This argument finds no support in the record, which reflects that the findings and conclusions were made in view of the undisputed issues of material fact and that all reasonable inferences were made in the light most favorable to Sanchez.  Further, although Sanchez asserts that discovery should have been allowed, he does not identify what discovery needed to be conducted or what he would have proved with such discovery.  His arguments challenging

the prematurity of the district court's rulings are conclusional and without merit.

Sanchez next challenges the district court's determination that several of his claims were not filed within the applicable two-year limitations period. Although Texas law governs the length of the limitations period and the tolling exceptions, federal law governs the issue when a cause of action accrues. *Wallace v. Kato*, 549 U.S. 384, 388 (2007).  A cause of action under § 1983 accrues when the aggrieved party knows, or has reason to know, of the injury or damages which form the basis of the action.  *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995).  "A plaintiff need not realize that a legal cause of action exists; a plaintiff need only know the facts that would support a claim." *Id*.

While Sanchez generally argues that the district court erred in its limitation analysis, he does not refute the dates used by the district court. Here, the district court applied the above-referenced standards and determined that the following claims had prescribed: the March 23, 2010, mail incident involving Officer Bennie Ware (claim 1); the April 7, 2010, incident wherein Officer Terry Cornelius called him a snitch (claim 2); the April 2010 instances where Cornelius refused him food (claim 3); the April 25, 2010, tampering of his food tray (claim 4); the May 18, 2010, incident where Cornelius denied him access to the commissary (claim 5); and Sergeant Herbert McCoo's actions, or lack thereof, in April 2010 (claim 10).  Because Sanchez did not file suit within two years of these events or the denial of his respective Step Two grievances (whichever occurred later), he has not shown that the district court erred in granting summary judgment as to these claims. Moreover, in regard to claim 4, the fact that Sanchez purportedly did not know the identity of the officers involved in the food tampering until September 30,

2010, does not change this analysis, as he did not file suit within two years of September 30, 2010.

Sanchez also challenges the grant of summary judgment as to his retaliation claim based on Officers Ware and Cornelius having denied him a magazine and one piece of mail (claim 6). This claim fails, however, as Sanchez has not shown a retaliatory adverse act, i.e., the alleged acts regarding the denial of mail "are so de minimis they would not deter the ordinary person from further exercise of his rights." *Morris v. Powell*, 449 F.3d 682, 684, 686 (5th Cir. 2006) (quote at 686).

Finally, Sanchez challenges the determination that the defendants were entitled to Eleventh Amendment immunity from his claims for monetary damages against the defendants in their official capacities. In this vein, he asserts that immunity under the Eleventh Amendment does not protect against a finding of action done in "bad faith." However, his reliance on *Hutto v. Finney*, 437 U.S. 678, 692 (1978), is misplaced as *Hutto* merely held that "the substantive protections of the Eleventh Amendment do not prevent an award of attorney's fees against [state] officers in their official capacities." Further, because Sanchez provides only conclusory arguments that the district court erred, he has abandoned any challenge to the defendants' entitlement to Eleventh Amendment immunity. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Sanchez does not challenge the dismissal of his claims against Wardens Jeffery Calfee and David Hudson, Lieutenant William Jones, and the unit grievance investigator Tanya Peacock (claims 7, 8, 9 and 11), all of whom allegedly denied his grievances and failed to take corrective action. Sanchez thus abandons these issues by failing to brief them. *See Yohey*, 985 F.2d at 224-25. In addition, a review of the record demonstrates that he states no

cognizable § 1983 claim as to these defendants because his complaints were investigated and because a prisoner does not have a constitutional right to have his grievances resolved to his satisfaction. *See Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005).

Sanchez has failed to show that his appeal involves any arguably meritorious issue. *See Howard*, 707 F.2d at 220. Accordingly, his motions for leave to proceed IFP on appeal and for appointment of counsel are denied, and his appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

MOTIONS DENIED; APPEAL DISMISSED.