# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 13-11030
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

May 19, 2014

Lyle W. Cayce
Clerk

JOSE LUIS BRIONES,

Plaintiff-Appellant

v.

VELPARITA IVORY, Federal Correctional Institution-Fort Worth; JERRY MCKINNEY, Federal Correctional Institution Fort Worth,

Defendants-Appellees

———————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CV-689

———————————————

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Proceeding in forma pauperis, Jose Luis Briones, federal prisoner # 39169-179, filed the instant civil rights suit under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), to seek redress after one of the defendants insulted and threatened him while the other witnessed this behavior but did nothing to stop it. The district court dismissed the suit as frivolous and for

———————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-11030

failure to state a claim upon which relief could be granted in accordance with 28 U.S.C. § 1915(a)(b)(1). We review this dismissal de novo. *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). Our review of the record and pertinent authority shows no error in connection with the challenged judgment.

One who wishes to proceed under *Bivens* must show that a federal official infringed his constitutional rights. *See Izen v. Catalina*, 398 F.3d 363, 367 (5th Cir. 2005). Threats and verbal abuse, such as those alleged by Briones, are not constitutionally actionable. *See Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983). Similarly, Briones failed to raise a viable retaliation claim because the acts of which he complains are, as the district court concluded, de minimis. *See Bibbs v. Early*, 541 F.3d 267, 270-72 (5th Cir. 2008); *Morris v. Powell*, 449 F.3d 682, 684-86 (5th Cir. 2006). Finally, to the extent Briones complains of the processing of his grievance against another prison official not party to this suit, these assertions do not raise a viable claim because he has no constitutional right to have his grievances resolved to his liking. *See Geiger*, 404 F.3d at 373-74. The judgment of the district court is AFFIRMED.

The district court's dismissal of Briones's civil complaint as frivolous and for failure to state a claim counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Briones is CAUTIONED that if he accumulates three strikes he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).