# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
October 12, 2021

Lyle W. Cayce
Clerk

No. 20-30497
Summary Calendar

Andre Johnson,

*Plaintiff—Appellant*,

*versus*

Edward Russ,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:19-CV-856

Before Higginbotham, Higginson, and Duncan, *Circuit Judges*.

Per Curiam:*

Andre Johnson, Louisiana prisoner # 375946, appeals the sua sponte dismissal with prejudice of his 42 U.S.C. § 1983 complaint as frivolous and for failure to state a claim. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii) and 1915A(b)(1). He contends, inter alia, that the district court erred by

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

dismissing his claims of retaliation without first providing him an opportunity to amend his complaint. We review the dismissal de novo. *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

Before dismissing a pro se litigant's case for failure to state a claim, a district court ordinarily must provide an opportunity to amend the complaint to remedy the deficiencies. *Brown v. Taylor*, 829 F.3d 365, 370 (5th Cir. 2016); *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994). Such notice and opportunity are unnecessary, however, when the facts alleged are "fantastic or delusional scenarios" or when the legal theory upon which a complaint relies is "indisputably meritless." *Eason*, 14 F.3d at 9 n.5 (internal quotation marks and citation omitted). Further, sua sponte dismissal without notice may be permissible "if the dismissal is without prejudice, or if the plaintiff has alleged his best case." *Brown*, 829 F.3d at 370. However, if "[w]ith further factual development and specificity" a plaintiff's "allegations may pass . . . muster," we will remand to give him "an opportunity . . . to offer a more detailed set of factual claims." *Eason*, 14 F.3d at 10.

When his pro se complaint is construed liberally, Johnson alleged, inter alia, that Edward Russ and others acted individually and in concert to prosecute false disciplinary complaints against him in retaliation for his having filed administrative complaints and lawsuits regarding prison conditions; his allegations are not fantastic or delusional, nor does he rely on an indisputably meritless legal theory. *See Morris v. Powell*, 449 F.3d 682, 684-86 (5th Cir. 2006) (setting forth elements of retaliation claim); *Eason*, 14 F.3d at 9 n.5. The dismissal was with prejudice, and we cannot conclude that Johnson alleged his best case. *See Brown*, 829 F.3d at 370.

Consequently, the judgment of dismissal is VACATED, and the case is REMANDED for further proceedings. We express no opinion on the merits of Johnson's complaint. Johnson's motions for the appointment of

No. 20-30497

counsel are DENIED without prejudice to his right to request appointment of counsel in the district court.