# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 22, 2021

Lyle W. Cayce
Clerk

No. 20-30547
Summary Calendar

Robert Walter,

*Plaintiff—Appellant*,

*versus*

David Perkins, *Lieutenant*; Angola State Penitentiary,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:18-CV-683

Before King, Costa, and Ho, *Circuit Judges*

Per Curiam:*

Robert Walter, Louisiana prisoner # 613649, appeals the dismissal as frivolous and for failure to state a claim of his 42 U.S.C. § 1983 complaint against Lieutenant David Perkins and the Louisiana State Penitentiary. Even under de novo review, Walter's vague allegations of threats by Perkins, and

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-30547

"promises of violence" by other unnamed prison staff if Walter exercised his right to pursue his administrative grievance are, without more, insufficient to state a claim of either retaliation or an Eighth Amendment violation. *See Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006); *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005); *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002).

Walter's reiterated allegations against the Louisiana State Penitentiary's failure to protect him generally are likewise unavailing. *See Geiger*, 404 F.3d at 373. Walter does not address the district court's conclusions that he failed to identify specific officials with a subjective awareness of facts indicating that another inmate represented a danger to Walter and posed a substantial risk of serious harm as required for such an Eighth Amendment claim. *See Geiger*, 404 F.3d at 373; *Longoria v. Texas*, 473 F.3d 586, 592-93 (5th Cir. 2006).

By not addressing the district court's decision not to exercise supplemental jurisdiction over state law claims, Walter has abandoned any challenge to that decision. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); Fed. R. App. P. 28(a)(8). As to Walter's claims regarding falsified documents and fraudulent filings, the record reveals nothing "dated 8th of July 2020 from this court" or any filings in his name related to seeking transcripts. These assertions are thus either unsupported by the record or insufficiently briefed to demonstrate any entitlement to relief in this appeal. *See Yohey*, 985 F.2d at 224-25.

The judgment of the district court is AFFIRMED.