# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 20, 2011

Lyle W. Cayce
Clerk

No. 10-40902
Summary Calendar

DAMON LEE WOOD,

Plaintiff-Appellant

v.

UNIDENTIFIED HIRSCH, Assistant Warden; KENNETH W. STACKHOUSE;
R. MCKEE, Law Librarian; DENNIS COKER, Correctional Officer; TIMOTHY
LESTER, Assistant Warden; TIMOTHY SIMMONS, Senior Warden,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:10-CV-53

Before JOLLY, SMITH, and GRAVES, circuit judges.

PER CURIAM:[*]

Damon Lee Wood, Texas prisoner # 590030, appeals the dismissal of his
42 U.S.C. § 1983 lawsuit without prejudice for failure to exhaust administrative
remedies, pursuant to 42 U.S.C. § 1997e. This court takes "a strict approach" to
the exhaustion requirement, *see Days v. Johnson*, 322 F.3d 863, 866 (5th Cir.
2003) (overruled by implication on other grounds by *Jones v. Bock*, 549 U.S. 199,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

216 (2007)), and reviews the district court's dismissal de novo. *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007).

Wood contends that it was error for the court to raise exhaustion sua sponte, urging that § 1997e does not require a plaintiff to prove exhaustion and that exhaustion is an affirmative defense properly raised only by a defendant's motion to dismiss. He concedes that he did not completely exhaust his administrative remedies prior to filing his lawsuit but asserts that he did so after filing, urging that he should have then been permitted to amend his complaint to show exhaustion.

Although Wood is correct that failure to exhaust is an affirmative defense and that he was not required to prove the same, *see Jones*, 549 U.S. at 216, because it was clear from the face of his complaint that he had not fully exhausted his administrative remedies prior to filing the instant lawsuit, the district court properly dismissed it. *See Carbe*, 492 F.3d at 328; 42 U.S.C. § 1997e. Wood's argument that the district court erred in refusing to stay proceedings to enable him to exhaust rather than dismiss his complaint is without merit. *See Porter v. Nussle*, 534 U.S. 516, 523-32, esp. at 523-24 (2002); § 1997e. That he exhausted his administrative remedies subsequent to filing the instant suit is insufficient. *See Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998) (overruled by implication on other grounds by *Jones*, 549 U.S. at 215).

Moreover, Wood presents no valid defense to the exhaustion requirement. His argument that emergency circumstances should have excused him from exhaustion is merely a restatement of his claim that he is being retaliated against and does not comprise one of the "rare instances" in which exhaustion may be excused. *See Woodford v. Ngo*, 548 U.S. 81, 102 (2006).

Wood has failed to demonstrate any error in the district court's dismissal. Accordingly, the district court's judgment is AFFIRMED.