# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60196
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 27, 2014

Lyle W. Cayce
Clerk

DAVID ZEBROWSKI,

Plaintiff–Appellant,

v.

UNITED STATES FEDERAL BUREAU OF PRISONS; HARLEY LAPPIN;
R. E. HOLT; BRUCE PEARSON; UNKNOWN BRATCHER; UNKNOWN
CASTELLI; UNKNOWN DAWSON; UNKNOWN HOOKS; UNKNOWN
PITTMAN; UNKNOWN SCOTT; UNKNOWN ANDERSON; UNKNOWN
PITTS; UNKNOWN SAMUEL; UNKNOWN DOCHER; UNKNOWN
BARNES; UNKNOWN PLEASANT; UNKNOWN PARKS; OFFICERS AND
OFFICIALS 1-99,

Defendants–Appellees.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:11-CV-164

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

David Zebrowski, federal prisoner # 34161-083, filed the present civil

action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 13-60196

*Narcotics*, 403 U.S. 388 (1971), and 28 U.S.C. § 2241 against the Federal Bureau of Prisons (BOP), BOP officials, and officers and officials at FCC Yazoo City. The district court retained Zebrowski's due process claim challenging his 2011 prison disciplinary conviction in the § 2241 case, and it split his remaining claims into the present *Bivens* case. The district court granted summary judgment to the defendants on some of Zebrowski's claims, and it dismissed Zebrowski's remaining claims pursuant to 42 U.S.C. § 1997e(a) for failure to exhaust administrative remedies.

On appeal, Zebrowski raises the following arguments: (1) the district court had jurisdiction over defendants Harley Lappin and R. E. Holt; (2) the district court erred by granting summary judgment to the defendants on his retaliation claim regarding his prison job assignment; (3) the district court erred by granting summary judgment on his due process claim regarding his 2009 disciplinary conviction; (4) the district court erred by ruling that he had not exhausted his administrative remedies for his retaliation claim regarding his 2011 disciplinary conviction; (5) the district court erred by ruling that he had not exhausted his administrative remedies for his claim regarding his correspondence privileges with his brothers; and (6) the district court erred by ruling that he was required to exhaust his administrative remedies despite his claims of threats and interference regarding his filing grievances. Zebrowski also briefly argues that his due process claim concerning his 2011 disciplinary conviction stated a claim upon which relief may be granted. We need not consider that issue in the appeal because that issue was fully litigated, both in the district court and on appeal, in the separate § 2241 action. *See Zebrowski v. Longley*, ___ F. App'x ___, No. 13-60191, 2014 WL 23724, at *1-*2 (5th Cir. Jan. 2, 2014).

No. 13-60196

While the defendants argued that the district court lacked personal jurisdiction over Lappin and Holt, the district court resolved Zebrowski's claims against those defendants in their favor on other grounds.  As Zebrowski has not shown that the district court erred by resolving those claims in favor of Lappin and Holt on other grounds and it is easier to resolve this appeal on other grounds, we pretermit consideration of the personal jurisdiction issue. *See Leroy v. Great W. United Corp.*, 443 U.S. 173, 180-81 (1979); *Songbyrd, Inc. v. Bearsville Records, Inc.*, 104 F.3d 773, 775-76 (5th Cir. 1997).

Zebrowski argues that the district court erred by granting summary judgment to the defendants on his retaliation claim concerning his prison job assignment.  We review de novo a grant of summary judgment, applying the same standard as the district court.  *Nickell v. Beau View of Biloxi, L.L.C.*, 636 F.3d 752, 754 (5th Cir. 2011).  "The [district] court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  The evidence is viewed in the light most favorable to the nonmoving party; however, "conclusional allegations and unsubstantiated assertions may not be relied on as evidence by the nonmoving party."  *Carnaby v. City of Hous.*, 636 F.3d 183, 187 (5th Cir. 2011).

Prison officials may not retaliate against a prisoner for exercising his constitutional rights.  *Gibbs v. King*, 779 F.2d 1040, 1046 (5th Cir. 1986). Those constitutional rights include a prisoner's First Amendment right to file grievances.  *See Morris v. Powell*, 449 F.3d 682, 686 (5th Cir. 2006).  "To prevail on a claim of retaliation, a prisoner must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation."  *Id.* at 684 (internal quotation marks and citation omitted).  Prisoners' claims of

retaliation are regarded with skepticism and are carefully scrutinized by the courts. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). To show retaliatory intent, "[t]he inmate must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred." *Id.* (internal quotation marks and citation omitted). In addition, "[r]etaliation against a prisoner is actionable only if it is capable of deterring a person of ordinary firmness from further exercising his constitutional rights." *Morris*, 449 F.3d at 686. "[T]his [de minimis] threshold is intended to weed out only inconsequential actions and is not a means to excuse more serious retaliatory acts by prison officials." *Id.*

As the undisputed evidence showed that Zebrowski was demoted from his job as an education tutor to a job as an education orderly prior to filing a grievance, Zebrowski cannot show a chronology of events from which retaliation for filing grievances may be inferred regarding his demotion from an education tutor to an education orderly. *See Woods*, 60 F.3d at 1166. Although Zebrowski was fired from his position as an education orderly and reassigned to a position as a compound orderly shortly after filing a grievance, such a lateral move between similar positions "would not deter the ordinary person from further exercise of his rights," and, therefore, was a de minimis adverse action upon which Zebrowski cannot base a retaliation claim. *Morris*, 449 F.3d at 686-87 (quote at 686). Zebrowski has not shown that the district court erred by granting summary judgment on this claim.

Zebrowski asserts that the district court erred by granting summary judgment to the defendants on his due process claim concerning his 2009 disciplinary conviction. To establish a due process violation, a plaintiff must show that he was deprived of a liberty interest protected by the Constitution or other federal law. *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). In the

context of prison disciplinary proceedings, not every punishment gives rise to a constitutional claim. *Id.* at 485-86.  Rather, a prisoner's constitutionally protected liberty interests are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484 (internal citations omitted).

The sanctions Zebrowski received from the 2009 disciplinary conviction, temporary commissary and phone restrictions, did not implicate due process concerns. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000).  While the 2009 disciplinary conviction, along with other disciplinary convictions, was later considered by Zebrowski's sentencing court in denying a 18 U.S.C. § 3582(c)(2) motion for sentence reduction, this does not show that Zebrowski's 2009 disciplinary conviction implicated due process concerns because the disciplinary conviction did not "inevitably affect the duration" of Zebrowski's sentence, and "[t]he chance that a finding of misconduct will alter the balance is simply too attenuated to invoke the procedural guarantees of the Due Process Clause." *Conner*, 515 U.S. at 487.  Zebrowski has not shown that the district court erred by granting summary judgment to the defendants on this claim.

Zebrowski's remaining arguments concern the dismissal of most of his claims for failure to exhaust administrative remedies.  Prior to bringing suit, a prisoner must exhaust all available administrative remedies.  42 U.S.C. § 1997e(a).  This requirement applies to *Bivens* actions.  *Porter v. Nussle*, 534 U.S. 516, 524 (2002).  "[T]he PLRA exhaustion requirement requires proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006).  That is, "prisoners must complete the administrative review process in accordance with the applicable

procedural rules—rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 218 (2007) (internal citation and quotation marks omitted). We take "a strict approach to the exhaustion requirement." *Days v. Johnson,* 322 F.3d 863, 866 (5th Cir. 2003), *overruled by implication on other grounds by Jones*, 549 U.S. at 216. Under this strict approach, " mere 'substantial compliance' with administrative remedy procedures does not satisfy exhaustion"; instead, we require prisoners to exhaust available remedies properly. *Dillon v. Rogers*, 596 F.3d 260, 268 (5th Cir. 2010). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Woodford*, 548 U.S. at 90. An inmate's grievance must be sufficiently specific to give "officials a fair opportunity to address the problem that will later form the basis of the lawsuit." *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004).

Exhaustion of administrative remedies is a preliminary issue that is resolved by the court. *Dillon*, 596 F.3d at 271-72. We review the district court's legal rulings concerning exhaustion de novo and its factual findings for clear error. *Id.* at 273.

Zebrowski contends that he properly exhausted his administrative remedies for his retaliation claim concerning his 2011 disciplinary conviction. The record shows that Zebrowski filed the proper administrative appeals from his 2011 disciplinary conviction. While Zebrowski made vague references to "an act of cahoots of retaliation by other government officials" and "wishes to protect corrupted BOP's officials who are committing retaliatory acts" in his administrative appeals, he did not raise the retaliation claim that he raised in his complaint. As Zebrowski's vague references to retaliation in his administrative appeals did not explain his retaliation claim or include most of the facts underlying his retaliation claim, Zebrowski's administrative appeals

did not give "officials a fair opportunity to address the problem that will later form the basis of the lawsuit." *Johnson*, 385 F.3d at 517. Whether Zebrowski included his retaliation claim in a letter he wrote to a senator is irrelevant as Zebrowski was required to exhaust his administrative remedies through the official BOP administrative grievance procedure. *See Woodford*, 548 U.S. at 85. Zebrowski has not shown that the district court erred by dismissing this claim for failure to exhaust administrative remedies.

Relying on exhibits that he attached to his appellate brief that are not in the record, Zebrowski, for the first time on appeal, asserts that he properly exhausted his administrative remedies for his claim concerning his correspondence privileges with his brothers. "An appellate court may not consider new evidence furnished for the first time on appeal and may not consider facts which were not before the district court at the time of the challenged ruling." *Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999). Furthermore, we do not generally consider arguments raised for the first time on appeal. *See Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Disc. Ctrs., Inc.*, 200 F.3d 307, 316-17 (5th Cir. 2000). Accordingly, we need not consider this argument. Furthermore, even if we did consider this argument, the documents submitted by Zebrowski show that his administrative appeal to the Office of General Counsel was rejected because he did not submit the required documentation. Thus, Zebrowski did not properly exhaust his administrative remedies on this claim. *See Dillon*, 596 F.3d at 268. As with the previous claim, that Zebrowski raised this claim in a letter to a senator is irrelevant as Zebrowski was required to exhaust his administrative remedies through the official BOP administrative grievance procedure. *See Woodford*, 548 U.S. at 85. Zebrowski has not shown that the

district court erred by dismissing this claim for failure to exhaust administrative remedies.

Zebrowski's final argument is that he should have been excused from exhausting his administrative grievances because administrative remedies were unavailable to him due to interference with the administrative process and a threat by Defendant Hooks to transfer him to a higher security prison if he did not withdraw grievances he had filed. Zebrowski's claims of interference with the administrative remedy process, however, concern the enforcement of procedural rules for administrative grievances and the procedures followed by prison officials in resolving grievances. These assertions are insufficient to show that Zebrowski should be excused from exhausting his administrative remedies as inmates are required to "exhaust such administrative remedies as are available, whatever they may be." *Alexander v. Tippah County*, 351 F.3d 626, 630 (5th Cir. 2003) (internal quotation marks and citation omitted). Even assuming that Hooks did threaten Zebrowski as Zebrowski alleged, this does not constitute one of the rare instances in which exhaustion is excused. *See Gonzalez v. Seal*, 702 F.3d 785, 787-88 (5th Cir. 2012); *Wood v. Hirsh*, 461 F. App'x 365, 365 (5th Cir. 2011) (per curiam). Zebrowski has not shown that the district court erred by not excusing his failure to exhaust his administrative remedies due to unavailability.

AFFIRMED.