**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**January 28, 2004**

**Charles R. Fulbruge III**
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-30495
Summary Calendar

_____

MARK HANNA,

Plaintiff-Appellant,

versus

CORRECTIONS CORPORATION OF AMERICA; MILTON EICHMANN;
TIM WILKINSON; PAT THOMAS; CONWAY HOSPITAL;
JOHN QUO, Doctor at Conway Hospital;
JOHN BLANK, Dentist at Winnfield Correctional Center;
JANE HITT, Nurse at Winn Correctional Center;
JANE BLANK, Nurse/Medical Technician
at Winn Correctional Center,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 02-CV-2653
--------------------

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Proceeding <u>pro</u> <u>se</u>, Mark Hanna, Louisiana state prisoner
# 132872, appeals the district court's dismissal of his 42 U.S.C.
§ 1983 complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Hanna has filed with this court motions to recuse the magistrate judge due to a conflict of interest and for a change of venue.

Hanna argues on appeal that the district court erred in dismissing his claims stemming from the delay in treating his colorectal ulcer for financial reasons and the denial of heartburn medication. Hanna maintains that the district court erred in dismissing his claim regarding the delay in treating his toothache and the denial of pain medication while awaiting the extraction of the tooth. Hanna argues that the district court erred in dismissing his claims for the denial of medical treatment against a "Dr. Quo." Hanna asserts that his claim against Conway Hospital was meritorious. He also argues the merits of his claims raised in stricken pleadings and against prison officials for attacking him, filing false disciplinary charges, and denying him due process during disciplinary proceedings. Hanna maintains that the district court erred in dismissing his claims without "fair warning."

The district court incorrectly characterized Hanna's colorectal ulcer claim as a mere disagreement between Hanna and prison officials as to his treatment. A review of the record shows that Hanna alleged that medically-indicated treatment was delayed for financial reasons. The denial or delay of necessary medical treatment for financial or other improper motives not based on medical reasons may constitute an Eighth Amendment violation. See Chance v. Armstrong, 143 F.3d 698, 704 (2d Cir.

1998); <u>Ancata v. Prison Health Servs., Inc.</u>, 769 F.2d 700, 704 (11th Cir. 1985). The district court thus erred in concluding that Hanna's claim lacked an arguable basis in fact or law. <u>See</u> <u>Norton v. Dimazana</u>, 122 F.3d 286, 291 (5th Cir. 1997).

The district court's failure to address the claim regarding the treatment of Hanna's heartburn was harmless, as Hanna did not allege sufficient facts to show that the unavailability of the medication resulted from deliberate indifference as opposed to mere negligence. <u>See</u> <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994).

Hanna has not alleged that he suffered substantial harm due to the delay in having his tooth extracted, and he thus failed to raise an Eighth Amendment claim as to the delayed treatment. <u>See</u> <u>Mendoza v. Lynaugh</u>, 989 F.2d 191, 195 (5th Cir. 1993). He may, however, recover damages for the pain he suffered during the delays. <u>See</u> <u>Thompkins v. Belt</u>, 828 F.2d 298, 301 (5th Cir. 1987). The district court's failure to address this claim is not harmless, as the claim does not lack an arguable basis in fact or law. <u>See</u> <u>Norton</u>, 122 F.3d at 291.

Hanna's complaint that Dr. Quo did not perform the type of examination Hanna deemed necessary is a disagreement regarding medical treatment and was properly dismissed. <u>See</u> <u>Varnado v. Lynaugh</u>, 920 F.2d 320, 321 (5th Cir. 1991).

Because Hanna fails to argue that the district court erred in dismissing his claims against Conway Hospital as barred by the

Eleventh Amendment, he has abandoned that issue. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). The district court struck Hanna's third amended complaint and denied him permission to file further amended complaints. Although Hanna addresses the merits of the claims asserted in those complaints, he does not argue that the district court erred in striking the amended complaints and has abandoned these claims. See id.

Hanna's argument that the district court dismissed his complaint without notice is without merit. See Jackson v. City of Beaumont Police Dep't, 958 F.2d 616, 619 (5th Cir. 1992).

Finally, Hanna has filed motions with this court to recuse the magistrate judge and for a change in venue in which he asserts that there is a conflict of interest. Hanna filed similar motions in the district court, which were not addressed; the district court should address the motions upon remand.

Accordingly, we AFFIRM IN PART, REVERSE IN PART, and REMAND for further proceedings. The motions for recusal and change of venue filed in this court are DENIED.