# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-60152

United States Court of Appeals
Fifth Circuit

**FILED**

June 10, 2015

Lyle W. Cayce
Clerk

BENNIE WARD,

　　　　Plaintiff - Appellant

v.

MARSHALL L. FISHER; DR. LORENZO CABE; LISA TUCKER;
MISSISSIPPI DEPARTMENT OF CORRECTIONS,

　　　　Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:12-CV-106

Before STEWART, Chief Judge, and SOUTHWICK and COSTA, Circuit Judges.

PER CURIAM:*

　　　　Mississippi prisoner Bennie Ward appeals the district court's dismissal of his 42 U.S.C. § 1983 suit for failure to state a claim upon which relief may be granted. We AFFIRM the dismissal of his claim for inadequate medical treatment but REVERSE the dismissal of his claim for retaliation and REMAND for further proceedings.

---

　　　　* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60152

## FACTUAL AND PROCEDURAL BACKGROUND

Between 1999 and 2001, Ward's head, face, and neck began to itch significantly while he was incarcerated at the Marshall County Correctional Facility. He eventually received the medication Mycolog, a combination of two ointments. It did not cure Ward's condition but made him "itch-free." Ward was treated with Mycolog until 2011 when defendant Dr. Lorenzo Cabe and another prison doctor told him that the ointment would no longer be provided due to cost. Ward was then treated with other medications that did not work as well but provided some relief from the itching. Ward asked to see a dermatologist, but his requests were denied.

In April 2012, while housed at the Alcorn County Regional Correctional Facility, Ward filed a grievance regarding his medical care. Around the end of May or beginning of June, Ward claims that one nurse at Alcorn told him, on behalf of defendant nurse Lisa Tucker, that if he persisted in requesting a dermatologist he would be transferred from Alcorn to Parchman. On June 27, after submitting a medical request concerning the itching, Ward was treated at Parchman. While there, Tucker told the doctor that she was moving Ward from Alcorn to Parchman until his itching was resolved. The following week, Ward was transferred to Parchman, where he remained for approximately 90 days.

On the day Ward was moved to Parchman, Dr. Cabe performed biopsies of Ward's head and arm that were painful and caused bleeding. Results from the biopsies showed that Ward had an "allergic component." Dr. Cabe prescribed another medication that, according to Ward, "took the edge off" but was not as effective as Mycolog. In August, while being seen by Dr. Cabe, Ward asked Tucker if the medical hold that was keeping him at Parchman was going

2

to be removed. Tucker told him it would be removed, but that if he complained again about the itching, she would move him back to Parchman.

Ward filed a Section 1983 claim in the United States District Court for the Northern District of Mississippi alleging inadequate medical care and retaliation. Before the defendants answered, the district court dismissed Ward's claims under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim, and counted the dismissal as a Section 1915(g) strike. The court concluded the facts alleged did not support a constitutional claim for the denial of medical treatment. It found that Ward had received treatment for his medical condition many times over the years with varying degrees of success, and that Ward simply disagreed with the course of treatment. As to the retaliation claim, the district court concluded that although Ward did engage in the constitutionally protected activity of seeking medical treatment, he had shown only his personal belief that he was a victim of retaliation. The court found that his transfer to Parchman was not retaliation but an attempt to determine the root cause of his problem and to plot a course for treating it. Ward now appeals.

## DISCUSSION

This court reviews a dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) de novo, applying the same standard used to review dismissals under Federal Rule of Civil Procedure 12(b)(6). *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). To survive a motion to dismiss under Rule 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* While a "*pro se* complaint is to be construed liberally with all well-pleaded allegations taken as true . . . [it] must set forth facts giving rise to a claim on which relief may be granted." *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (citation omitted).

Ward argues the defendants acted with deliberate indifference to his medical needs by subjecting him to painful and unnecessary biopsies, refusing to allow him to see a dermatologist, discontinuing the use of Mycolog due to cost, and failing to replace his prescription for Mycolog with an effective course of treatment. Ward also argues his transfer to Parchman was retaliation for asserting his constitutional right to medical treatment.[1]

## I.    *Deliberate Indifference*

"A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when his conduct demonstrates deliberate indifference to a prisoner's serious medical needs, constituting an 'unnecessary and wanton infliction of pain.'" *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006) (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). "[A] prison inmate can demonstrate an Eighth Amendment violation by showing that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Sama v. Hannigan*, 669 F.3d

---

[1] Ward also raises claims under the Americans with Disabilities Act and the Privileges and Immunities Clause for the first time on appeal. Since these claims were not raised at the district court, we decline to consider them here. *See Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Discount Ctrs., Inc.*, 200 F.3d 307, 316-17 (5th Cir. 2000).

585, 590 (5th Cir. 2012) (citation and quotation marks omitted). "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (citations omitted).

The facts alleged in Ward's complaint do not rise to the level of deliberate indifference. The biopsies performed by Dr. Cabe after Ward's request for medical treatment resulted in a partial diagnosis. Thus, though painful, the biopsies were not an "unnecessary and wanton infliction of pain." Ward disagrees that the biopsies were necessary, but a "prisoner's disagreement with his medical treatment" does not constitute deliberate indifference. *Id.* The claim that the defendants failed to refer Ward to a dermatologist also does not constitute deliberate indifference. A claim by an inmate that he "was not afforded a doctor who specialized in the treatment" of the medical condition at issue "does not, of itself, state a claim for deliberate indifference." *Green v. McKaskle*, 788 F.2d 1116, 1127 (5th Cir. 1986).

Ward also alleges that prison medical personnel discontinued the use of Mycolog due solely to cost. A panel of this court held that a "denial or delay of necessary medical treatment for financial or other improper motives not based on medical reasons may constitute an Eighth Amendment violation." *Hanna v. Corr. Corp. of Am.*, 95 F. App'x 531, 532 (5th Cir. 2004). This non-precedential holding properly focused both on necessary treatment and decisions based on medical reasons. "The deliberate indifference standard . . . does not guarantee prisoners the right to be entirely free from the cost considerations that figure in the medical-care decisions made by most non-prisoners in our society." *Morris v. Livingston*, 739 F.3d 740, 748 (5th Cir.) *cert. denied*, 134 S. Ct. 2734 (2014) (citations and quotation marks omitted).

"[F]ailure to receive the most effective treatment cannot form the basis of deliberate indifference but, rather, sounds in negligence." *Gobert*, 463 F.3d at 350 n.33.

Ward's allegations that the defendants refused to treat him, ignored his complaints, or intentionally treated him incorrectly, fail under the deliberate indifference standard. *See Sama*, 669 F.3d at 590. At most, Ward states a claim for negligence or medical malpractice, which, under our precedent, does not constitute deliberate indifference. *Gobert*, 463 F.3d at 346. The district court's dismissal of Ward's Eighth Amendment deliberate indifference claims was proper.

## II.    *Retaliation*

"To state a valid claim for retaliation under [S]ection 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003) (citation and quotation marks omitted).

Ward's claim of a right to adequate medical treatment satisfies the first element. As to the second, Ward's allegations that Tucker threatened him with "being moved from [Alcorn] to Parchman if [he] persisted in see[ing] a specialist for [his] condition" and "intimidat[ed] [him] to keep [him] from exercising a legal right to adequate medical care," plausibly allege an "intent to retaliate" against him for the exercise of his constitutional rights. On the third element, a claim that an inmate was transferred to a more dangerous prison in retaliation for an exercise of a constitutional right will support a Section 1983 claim. *Morris v. Powell*, 449 F.3d 682, 687 (5th Cir. 2006) (citation omitted). Though Ward does not specifically state that Parchman is more dangerous

than Alcorn, that can reasonably be inferred based on Ward's description of Tucker's acts as threats and intimidation.

As to the fourth element, an inmate may prove causation by alleging "a chronology of events from which retaliation may plausibly be inferred." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995) (citation and quotation marks omitted).  The complaint details that, in April 2012, Ward filed a grievance regarding his medical care.  At the end of May or beginning of June, he was told, on behalf of Tucker, that if he persisted in trying to see a dermatologist, he would be moved to Parchman.  On June 27, pursuant to a medical request submitted by Ward, he was treated at Parchman.  During this visit, Tucker told the doctor she was moving Ward to Parchman until his itching was resolved.  One week later, Ward was transferred to Parchman.  While at Parchman, Ward asked Tucker if the medical hold keeping him at Parchman would be removed.  She responded that it would be removed, but if he complained about his itching again, she would move him back to Parchman.

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) (citation and quotation marks omitted).  There certainly may be other explanations for the transfer to Parchman, but at this point we are considering only the pleadings.  Ward has sufficiently alleged "a chronology of events from which retaliation may plausibly be inferred." *See Woods*, 60 F.3d at 1166.

The dismissal of Ward's deliberate indifference claim is AFFIRMED. The dismissal of Ward's retaliation claim is REVERSED and the cause is REMANDED for further proceedings.