# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

────────────

No. 14-20257
Summary Calendar

────────────

United States Court of Appeals
Fifth Circuit

**FILED**

July 17, 2015

Lyle W. Cayce
Clerk

DONALD LEMPAR,

Plaintiff-Appellant

v.

BRAD LIVINGSTON, Executive Director, Texas Department of Criminal Justice; ALLEN HIGHTOWER, Executive Director, Texas Department of Criminal Justice; GLENDA ADAMS, M.D., North Region Medical Director, University of Texas Medical Branch - C.M.H.C. Division; BOBBY VINCENT, Medical Director, Estelle Unit; MYRA WALKER, Chief of the Office of Professional Services; GUY SMITH, in his individual capacity; OWEN MURRAY, Vice President, University of Texas Medical Branch; SONIE MANGUM, Practice Manager Huntsville Unit, University of Texas Medical Branch; ROBERT DALECKI, Practice Manager Huntsville Unit, University of Texas Medical Branch; JAMIE WILLIAMS, Practice Manager Estelle Unit, University of Texas Medical Branch; ERNESTINE JUYLE, Primary Care Provider, Estelle and Huntsville Units; DENNIS GORE, General Surgeon; VALERIE BAUER, Colon/Rectal Surgeon; INTERN GARZA, Surgical Intern; KATHERINE PEARSON, Nurse Practitioner; D. A. RUBY, Nurse Practioner; CHARLES NAGEL, Physicians Assistant; CHERYL EGAN, Physicians Assistant; LESTER FINDLEY, Nurse, Estelle Unit, University of Texas Medical Branch; LISA HORTON, Nurse, Estelle Unit, University of Texas Medical Branch; MARTIN OAKLEY, Nurse, University of Texas Medical Branch; CAROLYN HICKS, Nurse, Huntsville Unit, University of Texas Medical Branch; TSUNG-LIN ROGER TSAI, Resident Doctor; SERGEANT DONNA CLEMENT, Security Officer,

Defendants-Appellees

No. 14-20257

---

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CV-2983

---

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Donald Lempar, Texas prisoner # 1284244, appeals the summary judgment dismissal of his 42 U.S.C. § 1983 complaint alleging deliberate indifference to his serious medical needs. He contends that he received constitutionally inadequate treatment for an anal fistula. We affirm.

We review a district court's ruling on summary judgment de novo, employing the same standard used by the district court. *McFaul v. Venezuela*, 684 F.3d 564, 571 (5th Cir. 2012). A district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Where, as in the instant case, the appellees have raised the issue of qualified immunity, the typical summary judgment burden of proof is altered in that once the defense is pleaded by an official, the burden shifts to the plaintiff to rebut the defense by establishing a genuine fact issue as to whether the official's allegedly wrongful conduct violated clearly established federal law. *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010). It is the plaintiff's burden to negate qualified immunity; however, all inferences are drawn in his favor. *Id.*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-20257

The defense of qualified immunity has two prongs: (1) whether an official's conduct violated a plaintiff's constitutional rights and (2) whether that right was clearly established at the time of the violation. *Id.* As an inmate, Lempar had a clearly established Eighth Amendment right not to be denied, by deliberate indifference, attention to his serious medical needs. *See Gobert v. Caldwell*, 463 F.3d 339, 345 (5th Cir. 2006). A prison official acts with deliberate indifference only if "the official *knows of* and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (emphasis in original); *see Reeves v. Collins*, 27 F.3d 174, 176-77 (5th Cir. 1994). The plaintiff must establish that the defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (internal quotation marks and citation omitted).

Lempar's argument that the district court misapplied the summary judgment standard is without merit. Our exhaustive review of the medical evidence in this case establishes that the appellees were not deliberately indifferent to Lempar's serious medical needs. Lempar's complaint that his course of treatment fell below the applicable standard of care is not supported by the record evidence. His subjective belief that he is suffering from a complex anal fistula with multiple tracts that requires specialized treatment and reparative surgery is not borne out by the medical evidence.

There is no disputed fact question that, when resolved in Lempar's favor, rises to the level of deliberate indifference. Not only was Lempar consistently treated for his conditions, the appellees discussed his care with his family, in person and via letters, and referred him to a board-certified colorectal surgeon, who after two exploratory surgeries found no evidence that he was suffering

from a complex anal fistula or that he required specialized treatment. Lempar's complaints about the quality of wound care, the types of dressings used, and the availability of sitz baths constitute a disagreement over the treatment he received, which does not rise to the level of deliberate indifference. *See Gobert*, 463 F.3d at 346. Insofar as Lempar contends that evidence of his noncompliance with certain of the medical recommendations has been fabricated or falsified by the appellees, these are conclusional allegations and unsubstantiated assertions, which do not create a fact issue on summary judgment. *See Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006).

As there is no evidence of a constitutional violation, we uphold the district court's determination that those appellees sued in their individual capacities were entitled to qualified immunity. *See Brown*, 623 F.3d at 253. Those appellees sued in their official capacities similarly have no liability and were entitled to summary judgment. *See Mayfield v. Texas Dep't of Criminal Justice*, 529 F.3d 599, 604 (5th Cir. 2008).

AFFIRMED; MOTION TO FILE SUPPLEMENTAL BRIEF DENIED.