**Donald LEMPAR, Plaintiff-Appellee**

v.

**Bryan COLLIER; Allen Hightower; Glenda Adams; Bobby Vincent; Myra Walker; Guy Smith; Medical Doctor, University of Texas Medical Branch**

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Owen Murray; Sonie Mangum; Robert Dalecki; Jamie Williams; Ernestine Juyle; Medical Doctor Dennis Gore; Valerie Bauer; Intern Garza; Katherine Pearson; D. A. Ruby; Physician Assistant Charles Nagel; Cheryl Egan; Lester Findley; Lisa Horton; Martin Oakley; Carolyn Hicks; Tsung-Lin Roger Tsai; Sergeant Donna Clement, Defendants-Appellants

No. 16-20731

United States Court of Appeals, Fifth Circuit.

Filed January 31, 2018

Sufi Nasim Ahmad, Attorney, Cline Ahmad, The Woodlands, TX, for Plaintiff-Appellee

Kyle Douglas Hawkins, Office of the Attorney General, Office of the Solicitor General, Austin, TX, Heather Kriscenski Rhea, M. Lawrence Wells, Assistant Attorney General, Office of the Attorney General, Law Enforcement Defense Division, Austin, TX, for Defendants-Appellants

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM: [*]

Donald Lempar, a Texas inmate, filed a section 1983 suit against 24 state employees of either the Texas Department of Criminal Justice or the University of Texas Medical Branch at Galveston. Lempar's complaint alleged both deliberate indifference to his medical needs and retaliation. The district court severed the suit into two cases, keeping Lempar's medical care claims in the original case and placing the retaliation claims in a new one. The retaliation claims are the subject of this appeal. We have already affirmed the dismissal of the deliberate indifference claims in the original case. *Lempar v. Livingston*, 610 Fed.Appx. 398, 400 (5th Cir. 2015).

The district court determined that the severed retaliation claims were located in 16 paragraphs of the original complaint and ordered defendants to respond to Lempar's claims of retaliation, in either a motion to dismiss or a motion for summary judgment. The defendants sought summary judgment on the ground of qualified immunity. The district court denied that motion, finding that genuine issues of material fact existed on all claims and for all defendants. It did not, however, identify those disputed questions of fact. The district court then set the case for trial. Before trial commenced, defendants filed this interlocutory appeal.

Under the collateral order doctrine, the denial of a motion for summary judgment based on qualified immunity is immediately appealable to the extent that it turns on an issue of law. *Lytle v. Bexar Cty.*, 560 F.3d 404, 408 (5th Cir. 2009); *Mitchell v. Forsyth*, 472 U.S. 511, 530, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). Our jurisdiction is limited to addressing the legal question of whether the genuinely disputed factual issues are material for the purposes of deciding qualified immunity. *See Lytle*, 560 F.3d at 408; *Gobert v. Caldwell*, 463 F.3d 339, 344–45 (5th Cir. 2006). We cannot question a district court's view that factual disputes exist, and those disputes must be conceded in the plaintiff's favor. *Wagner v. Bay City*, 227 F.3d 316, 320 (5th Cir. 2000) (explaining that in interlocutory appeals of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the denial of qualified immunity, "we can review the *materiality* of any factual disputes, but not their *genuineness*" (emphasis in original)). Breaking it down, this analysis requires the following steps: (1) identifying the issues on which a genuine dispute exists; (2) viewing those disputed facts in favor of the plaintiff as the summary judgment posture requires, *Lytle,* 560 F.3d at 409; and (3) determining whether those facts show a violation of clearly established law that overcomes a qualified immunity defense, *Pearson v. Callahan,* 555 U.S. 223, 243–44, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009). Only this third phase is subject to our interlocutory review.

That poses a problem in cases like this in which the district court denied qualified immunity but did not specify the disputed factual issues it found. Although we can scour the record and try to determine the disputed issues on which the district court based its ruling, *see Johnson v. Jones,* 515 U.S. 304, 319, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995); *Kinney v. Weaver,* 367 F.3d 337, 348 (5th Cir. 2004) (en banc), that already difficult task is complicated here by the number of defendants. A denial of qualified immunity must identify factual disputes tied to a particular defendant that overcome the immunity defense. *Meadours v. Ermel,* 483 F.3d 417, 422 (5th Cir. 2007). We have thus remanded cases in which the district court did not tie the existence of disputed issues to each defendant. *Id.* at 423; *Hill v. New Orleans City,* 643 Fed. Appx. 332, 338 (5th Cir. 2016). That is the proper course here given the number of defendants and the conclusory district court ruling.

To assist in prompt resolution of the immunity question on remand in this long pending case, we do note a couple observations from our review of the record. In the sixteen paragraphs of the complaint that

were severed as part of this retaliation case, the only individual named in an individual capacity is Dr. Ernestine Juyle. At oral argument, Lempar's counsel cited a number of individuals that he believed were involved in the retaliatory actions but conceded that most of the defendants were not. We leave resolution of the number of actual retaliation defendants to clarification from the parties and the district court's ultimate assessment of the record.

The severing of the deliberate indifference and retaliation claims also appears to have created confusion about the proper standard for what constitutes a cognizable retaliatory act. The defendants' brief argues that some of the alleged retaliatory acts—such as refusing to update medical forms or forcing Lempar to work in a textile mill—do not meet the exacting standard for deliberate indifference to inmates' medical needs that amounts to cruel and unusual punishment. *See Gobert,* 463 F.3d at 345–46 (citing *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)). But an act taken in an attempt to chill the exercise of constitutional rights need not be independently unconstitutional to be actionable in a retaliation claim. It is the retaliatory motive that gives rise to the constitutional violation (of the First Amendment) in that situation. To be sure, the retaliatory adverse act must be more than *de minimis. Morris v. Powell,* 449 F.3d 682, 686 (5th Cir. 2006). But getting over that hurdle requires showing only that the alleged retaliatory act is significant enough to "deter[ ] a person of ordinary firmness from exercising his First Amendment right to file grievances against prison officials." *Id.* That standard is met, we have said, when a prisoner is transferred to a more dangerous prison, *id.* at 687, even though that transfer would not amount to "cruel and unusual punishment" within the meaning of the Eighth Amendment. Likewise in the

context of medical treatment, an act of retaliation need not rise to the level of one that would constitute deliberate indifference to medical needs. *See, e.g., Ward v. Fisher*, 616 Fed.Appx. 680, 684–85 (5th Cir. 2015) (threatening to transfer an inmate for filing a grievance regarding medical care can be considered a retaliatory adverse action while simultaneously failing to state a deliberate indifference claim).

The case is REMANDED for the district court to determine as to each defendant whether disputed issues of fact exist that overcome qualified immunity.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.