United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 17, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-20964
Summary Calendar

_____

SIE JOE LANN

                    Plaintiff - Appellant

     v.

JANIE COCKRELL, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION, D CHANCE; G MORH; JD
SEIGLE; RAY GOODRUM; JOE S FERNALD

                    Defendants - Appellees

                --------------------
        Appeal from the United States District Court
            for the Southern District of Texas
                  USDC No. 4:03-CV-2073
                --------------------

Before KING, WIENER and DeMOSS, Circuit Judges.

PER CURIAM:[*]

     Sie Joe Lann appeals the dismissal of his 28 U.S.C. § 1983

civil rights action as frivolous under 28 U.S.C. § 1915A.  We

review dismissals under § 1915A de novo.  <u>Ruiz v. United States</u>,

160 F.3d 273, 275 (5th Cir. 1998).

     On appeal, Lann argues that prison officials denied him

access to the courts by confiscating his legal documents pursuant

to a policy that limits a prisoner's storage space.  Lann has

----

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

failed to establish, however, that the prison's storage policy actually prejudiced his ability to pursue a legal claim.  See Lewis v. Casey, 518 U.S. 343, 351 (1996); Christopher v. Harbury, 536 U.S. 403, 415 (2002).  Thus, his claim fails.

Lann argues for the first time on appeal that the defendants violated their own regulations, his equal protection and Fourth Amendment rights, and the Privileges and Immunities Clause by their actions.  A party may not raise an issue for the first time on appeal merely because he believes that he might succeed on a different theory of recovery.  See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).  We do not address these arguments.

Lann argues that the district court erred in finding that he had not shown a claim of retaliation by the defendants for his questioning them as to his rights, which he terms petitioning for redress of grievances.  To state a claim, Lann must allege a protected right and either produce direct evidence of a retaliatory motive or allege a chronology of events from which the court plausibly may infer a retaliatory motive.  Woods v. Smith, 60 F.3d 1161, 1164 (5th Cir. 1995).  "[W]here internal grievance procedures are available," a prison has the authority "to circumscribe the manner in which a grievance or criticism right is exercised."  Freeman v. Tex. Dep't of Crim. Justice, 369 F.3d 854, 864 (5th Cir. 2004) (allowing proscription of internal circulation of petition within prison).  "Prison officials may

legitimately punish inmates who verbally confront institutional authority without running afoul of the First Amendment." Id. Questioning a prison officer as to his authority to enforce prison regulations is therefore not a protected activity under the First Amendment. Nor has Lann shown direct evidence of retaliation or alleged a chronology of events from which we can plausibly infer a retaliatory motive.

Lann argues that the district judge was biased against him and should be recused. An allegation of bias stemming from a judge's adverse ruling is not sufficient to support a finding of bias under 28 U.S.C. § 455. See Liteky v. United States, 510 U.S. 540, 555 (1994).

Lann's appeal is without arguable merit and is dismissed as frivolous. See 5th Cir. R. 42.2; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). The district court's dismissal of Lann's complaint as frivolous and this dismissal both count as strikes under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Lann is warned that if he accumulates a third strike, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED