# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CP-00033-COA

**BOBBY WILSON, JR.**                                                           **APPELLANT**

**v.**

**TAMEKA EDWARDS, TOMMY FOSTER AND**           **APPELLEES**
**SYLVIA ROY**

| | |
|---|---|
| DATE OF JUDGMENT: | 02/27/2015 |
| TRIAL JUDGE: | HON. MARGARET CAREY-MCCRAY |
| COURT FROM WHICH APPEALED: | SUNFLOWER COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | BOBBY E. WILSON JR. (PRO SE) |
| ATTORNEY FOR APPELLEES: | OFFICE OF THE ATTORNEY GENERAL BY: ANTHONY LOUIS SCHMIDT JR. |
| NATURE OF THE CASE: | CIVIL - OTHER |
| TRIAL COURT DISPOSITION: | DISMISSED APPELLANT'S COMPLAINT FILED UNDER TITLE 42, SECTION 1983 OF THE UNITED STATES CODE |
| DISPOSITION: | AFFIRMED - 08/30/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE ISHEE, CARLTON AND JAMES, JJ.**

**JAMES, J., FOR THE COURT:**

¶1. Bobby Wilson Jr. appeals from the Sunflower County Circuit Court's dismissal of his complaint filed under title 42, section 1983 of the United States Code (2012) against Mississippi Department of Corrections (MDOC) Officers Tameka Edwards, Tommy Foster, and Sylvia Roy (collectively "Defendants") in their individual capacities. Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2. Wilson has been an inmate in the custody of the MDOC since 2004 after he was

convicted of robbery and sentenced to life imprisonment as a habitual offender.

¶3. On July 9, 2014, Wilson filed a section 1983 complaint seeking a declaratory judgment as well as compensatory and punitive damages against the Defendants. Wilson's complaint alleged that the Defendants retaliated against him for exercising his First Amendment right to freedom of speech.

¶4. Wilson's complaint asserted that on March 25, 2014, he requested Officer Edwards to open his cell door so he could use the restroom during daily two-hour dayroom activities. Officer Edwards refused and told him that the cell doors were only permitted to be opened every thirty minutes. Wilson argued to Officer Edwards that the doors had not been opened in over an hour and that he would be filing a grievance against her with MDOC.

¶5. Wilson also claimed that around 10 p.m. that night, he placed a grievance against Officer Edwards in the mail. The grievance requested an investigation of disciplinary sanctions against Officer Edwards for her refusal to open his cell door. Wilson asserted that the next morning, on March 26, 2014, he received a Rule Violation Report (RVR) written by Officer Edwards. The RVR cited Wilson for making threatening and intimidating statements to Officer Edwards after she refused to open his cell door.

¶6. Sometime later when regular mail was being circulated, Wilson's grievance was returned to him with a notice. The notice advised Wilson that his grievance was improperly mailed, and instructed him to submit it in the "Administrative Remedy Program Black Box." On March 29, 2014, Wilson properly submitted his grievance as instructed. On April 11, 2014, MDOC staff alerted Wilson that his grievance was accepted.

2

¶7. On April 23, 2014, a disciplinary hearing was held before Lieutenant Roy on Wilson's RVR. Wilson argued that Officer Edwards issued an RVR because he told her he would file a grievance against her. Lieutenant Roy found Wilson guilty of violating prison rules and sanctioned him with a loss of thirty days of phone privileges. Wilson appealed the decision. On May 15, 2014, Warden Ron King issued a First Step Response to Wilson granting his RVR appeal.[1]

¶8. On July 21, 2014, Lieutenant Foster issued a First Step Response to Wilson's grievance against Officer Edwards. Lieutenant Foster stated that he had spoken with Officer Edwards regarding the cell-door incident. Lieutenant Foster determined that Officer Edwards had acted in a professional manner and complied with the prison regulation that cell doors would be opened only every thirty minutes. On July 27, 2014, Wilson appealed Lieutenant Foster's decision.

¶9. On September 15, 2014, Wilson filed an amended section 1983 complaint in the circuit court. The complaint alleged: "[Officer] Edwards retaliated against [Wilson] when [he] exercised his First Amendment Right to Freedom of Speech or alternatively when [he] filed a grievance with the Administrative Remedy Program after [he] informed her that [he] would file a grievance against her." Wilson also claimed that Officer Edwards filed a false

_____

[1] According to the trial court's order, Wilson's RVR was expunged from his file, but there is no expungement determination in the record. Wilson's complaint alleged that his RVR was expunged, citing "Exhibit D." However, Exhibit D is simply Warden King's First Step Response, dated May 15, 2014, granting Wilson's RVR appeal, which stated: "[Wilson] has fulfilled the requirements of the Administrative Remedy Program for an RVR appeal and is eligible to seek judicial review within 30 days of receipt of this First Step Response."

3

RVR against him.

¶10.    On March 4, 2015, the trial court entered an order on the Defendants' motion to dismiss Wilson's section 1983 complaint. The trial court considered the Defendants' motion as a request to dismiss Wilson's complaint for failure to state a claim under Mississippi Rule of Civil Procedure 12(b)(6).

¶11.    The trial court held: "Wilson's verbal challenge of Officer Edward[s]'s authority to enforce prison regulations, i.e., opening the cell doors every thirty minutes, [was] not a constitutionally protected right under the First Amendment." The trial court also held: "Wilson's threatened grievance based solely on Officer Edward[s]'s refusal to open the cell doors when he requested was frivolous and is insufficient to support a claim for retaliation under [section] 1983." The trial court concluded that Wilson's complaint failed to state a claim upon which relief could be granted and dismissed his complaint.

¶12.    Wilson appeals arguing that the trial court erred by dismissing his section 1983 complaint. Finding no error, we affirm.

**STANDARD OF REVIEW**

¶13.    The trial court is required to give a liberal construction to pro se section 1983 complaints, and we review a trial court's conclusion that a complaint is frivolous for abuse of discretion. *Duncan v. Johnson*, 14 So. 3d 760, 763 (¶4) (Miss. Ct. App. 2009). However, "[t]he power to dismiss a frivolous complaint is distinct from a trial court's authority to dismiss for failure to state a claim under Rule 12(b)(6)." *Id.* A trial court has the authority to dismiss a claim based on an indisputably meritless legal theory, as well as the unusual

4

power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.*

## DISCUSSION

¶14.    "Mississippi courts exercise concurrent jurisdiction with our federal counterparts over section 1983 claims, but the elements of and the defenses to the cause of action are defined by federal law." *Id.* at 762 (¶3).  "To state a valid claim for retaliation under section 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Bibbs v. Early*, 541 F.3d 267, 270 (5th Cir. 2008).

¶15.    "A prison official may not retaliate against or harass [a prisoner] for complaining through proper channels about a guard's misconduct." *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006).  However, "courts must take a skeptical view of retaliation claims to avoid meddling in every act of discipline imposed by prison officials." *Lee v. King*, No. 1:13-CV-566-KS-MTP, 2015 WL 5554256, at \*8 (S.D. Miss. Sept. 21, 2015) (citing *Morris*, 449 F.3d at 684).  As such, a "significant burden" is placed on the prisoner. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995) ("To assure that prisoners do not inappropriately insulate themselves from disciplinary actions by drawing the shield of retaliation around them, trial courts must carefully scrutinize [retaliation] claims.").

¶16.    A prisoner must allege more than his personal belief that he is the victim of retaliation, and mere conclusory allegations of retaliation will not be enough to withstand a proper motion for dismissal of the claim. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999).

5

Also, a prisoner "must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred." *Id*.

¶17.   Wilson claims that Officer Edwards retaliated against him by filing an RVR in response to his verbal threat that he would file a grievance against her for refusing to open the cell doors.  However, "[p]rison officials may legitimately punish inmates who verbally confront institutional authority without running afoul of the First Amendment." *Freeman v. Tex. Dep't of Criminal Justice*, 369 F.3d 854, 864 (5th Cir. 2004).

¶18.   Officer Edwards issued an RVR citing Wilson with yelling explicit profanity and threatening her after she advised him that the doors would only be opened every thirty minutes in accordance with prison regulations.  Because prison officials may legitimately punish prisoners who verbally confront institutional authority without violating the prisoner's First Amendment rights, questioning a prison officer as to his authority to enforce prison regulations is not a protected activity under the First Amendment. *Lann v. Cockrell*, 173 F. App'x 319, 321 (5th Cir. 2006).

¶19.   While it is true that a prisoner may file a grievance against an officer with whom he has a disagreement, the First Amendment does not protect a prisoner who publically verbally confronts an officer. *Freeman*, 369 F.3d at 864; *see also Sampson v. Knowlton*, No. 5:10CV25, 2010 WL 3853319, at *8 (E.D. Tex. Aug. 19, 2010) (holding that abusive language toward a correctional officer was not speech protected by the First Amendment). "A[] [prisoner] does not have a constitutional right to file a frivolous complaint regarding matters that do not implicate his constitutional rights, and a frivolous complaint cannot

6

support a [s]ection 1983 retaliation claim." *Ward v. Denmark*, No. 1:13CV547, 2015 WL 631966, at *4 (S.D. Miss. Feb. 13, 2015).

¶20.   Wilson's verbal threat to Officer Edwards that he would file a grievance was not a constitutionally protected right, and cannot support a section 1983 retaliation claim. The trial court did not abuse its discretion in finding that Wilson's claim based on his verbal threat to file a grievance was frivolous.

¶21.   As for Wilson's alternative claim that Officer Edwards retaliated against him after he actually filed a grievance against her, we find that he has failed to state a valid claim. To state a valid claim, Wilson must be prepared to establish that but for the retaliatory motive, the complained of incident, i.e., Officer Edwards filing the RVR, would not have occurred. *See Woods,* 60 F.3d at 1166.

¶22.   Based on Wilson's complaint, he did not properly submit his grievance through the Administrative Remedy Program until after he had received his RVR. As a result, the RVR could not have been in response to Wilson's complaint to higher authorities through the proper channels. *See Hanna v. Maxwell*, 415 F. App'x 533, 536 (5th Cir. 2011) (rejecting a prisoner's retaliation claim where the alleged retaliation was not in response to complaints made through proper channels).

¶23.   Furthermore, the record does not show that Officer Edwards was even aware that Wilson had attempted to file a grievance before citing him with an RVR. *See Simoneaux v. Epps*, No. 1:13-CV-531-MTP, 2015 WL 1197543, at *3 (S.D. Miss. Mar. 13, 2015) (finding that the record did not demonstrate that the defendant was aware of the prisoner's grievance

against the defendant because "[t]enuous and speculative connections are by themselves insufficient to give rise to a chronology from which retaliation may plausibly be inferred.").

¶24. Wilson offered no direct evidence of a retaliatory motive. Wilson has also failed to allege a series of events from which a plausible retaliation claim could be inferred. Therefore, Wilson has failed to state a valid claim for retaliation.

¶25. Wilson's complaint also names Lieutenant Foster and Lieutenant Roy as the remaining Defendants, yet his complaint wholly fails to allege how they retaliated against him. Wilson's complaint must allege facts reflecting each Defendant's participation in the alleged wrong, specifying the personal involvement of each Defendant. *Burris v. Davis*, 642 F. Supp. 2d 573, 578 (S.D. Miss. 2009). Wilson's complaint merely states that Lieutenant Foster was "responsible for screening [RVRs]" and approved the RVR that Officer Edwards had issued to Wilson. Likewise, the complaint merely stated that Lieutenant Roy was "responsible for conducting disciplinary hearings for prisoners accused of breaking prison rules[,]" and found him guilty of violating prison rules after a hearing. Because Wilson has failed to specify any alleged wrong of Lieutenant Roy and Lieutenant Foster, he has failed to state a valid claim for retaliation against them.

**CONCLUSION**

¶26. For these reasons, we affirm the trial court's dismissal of Wilson's complaint.

¶27. **THE JUDGMENT OF THE SUNFLOWER COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SUNFLOWER COUNTY.**

**LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, CARLTON, FAIR, WILSON AND GREENLEE, JJ., CONCUR. IRVING, P.J., CONCURS IN PART AND IN THE**

8

**RESULT WITHOUT SEPARATE WRITTEN OPINION.**