# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40333
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 14, 2014

Lyle W. Cayce
Clerk

WILLIAM WALLACE FREY,

Plaintiff - Appellant

v.

NATALIE L. BUCKINGHAM; JOHN E. RAGSDALE; JOEL R. WATKINS; NEAL D. WEBB; SHELY S. BALDWIN; KORTNEY L. ALEXANDER; RICK THALER; C. LAWSON,

Defendants - Appellees

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 6:12-CV-579

Before JONES, BARKSDALE, and HAYNES, Circuit Judges.

PER CURIAM:*

Proceeding *pro se* and *in forma pauperis*, William Wallace Frey, Texas inmate # 1718159, appeals the dismissal of his civil-rights complaint, pursuant to 28 U.S.C. § 1915A(b)(1) (providing for dismissal of any claim that is "frivolous . . . or fails to state a claim upon which relief can be granted"). Although our precedent is inconsistent as to the standard of review for such

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40333

dismissals (whether *de novo* or for abuse of discretion), we need not resolve the discrepancy because Frey fails to show reversible error under the more stringent *de novo* standard, applicable to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Morris v. McAllester*, 702 F.3d 187, 189 (5th Cir. 2012); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).

Frey sued Natalie L. Buckingham, John E. Ragsdale, Joel R. Watkins, and Kortney L. Alexander for their roles in a disciplinary matter, which resulted in a disciplinary conviction for threatening an officer. At the *Spears* hearing conducted by a magistrate judge, Frey admitted he lost no good time credits as a result of the disciplinary conviction. The 20-day commissary-and-recreation restrictions imposed on Frey "are in fact merely changes in the conditions of his confinement and do not implicate due process concerns". *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Because the punishments imposed do not implicate a liberty interest, Frey fails to state a civil-rights claim concerning his disciplinary proceedings.

Following his disciplinary hearing, Frey filed Step 1 and Step 2 grievances, which were denied by defendants Neal D. Webb and C. Lawson, respectively. Frey's contention, that these defendants violated his constitutional rights by failing to investigate his grievances, fails to state a claim upon which relief can be granted. *E.g.*, *Geiger v. Jowers*, 404 F.3d 371, 373–74 (5th Cir. 2005).

Frey also contends defendant Shely S. Baldwin violated his right of access to the courts primarily by limiting his legal "co-sessions" with another inmate to 20 minutes and denying access to a book he wished to consult before filing his civil-rights complaint. Frey was able, nevertheless, to access the law library, pursue grievances, and file his civil-rights complaint in a timely manner. His allegations fail to establish that he suffered an actual injury;

2

therefore, he has not stated a claim for denial of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 349–53 (1996).

Similarly, Frey contends Baldwin retaliated against him for filing grievances through the same limitations discussed above, as well as by refusing to provide envelopes on at least one occasion. Even if motivated by retaliatory intent, these adverse actions are *de minimis* and are not sufficient to "deter[] a person of ordinary firmness from further exercising his constitutional rights". *Morris v. Powell*, 449 F.3d 682, 686 (5th Cir. 2006). Frey therefore fails to state a retaliation claim.

Further, to the extent Frey, during the *Spears* hearing, raised a claim of retaliation based on events that occurred *after* he filed his complaint, he fails to state a claim upon which relief could be granted because he alleged only adverse acts of a *de minimis* degree. *See id.* Any error in failing to consider this claim does not constitute reversible error.

Finally, having failed to state a claim against any other defendant, Frey's claim against Rick Thaler for failure to supervise likewise fails. *See Becerra v. Asher*, 105 F.3d 1042, 1047–48 (5th Cir. 1997).

The district court's dismissal as frivolous and for failure to state a claim counts as a strike under 28 U.S.C. § 1915(g) (barring future *in forma pauperis* actions following certain prior dismissals). *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). Frey is hereby cautioned that once he accumulates three strikes he may not proceed *in forma pauperis* in any civil action or appeal "while incarcerated or detained in any facility . . . unless [he] is under imminent danger of serious physical injury". 28 U.S.C. § 1915(g).

AFFIRMED; SANCTIONS WARNING ISSUED.