# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-41161
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 30, 2019

Lyle W. Cayce
Clerk

WILLIAM WALLACE FREY,

Plaintiff-Appellant

v.

LORIE DAVIS; BEN G. RAIMER; JENNIFER F. WILLIAMS; CHARLES D. ADAMS; UNKNOWN PARTIES, Unknown Medical Supervisors; KEVIN MOORE; UNKNOWN PARTY, Unknown Texas Department of Criminal Justice Step II Grievance Investigators,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:18-CV-137

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

William Wallace Frey, Texas prisoner # 1718159, filed a civil rights complaint in which he named several prison officials as defendants. He asserted that he suffered from problems with his spine that were aggravated by transportation over bumpy roads in a prison vehicle known as a "chain bus."

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-41161

He averred that specialists had recommended that various medical devices and supplies be provided to him, but prison officials had failed to do so.　Frey now appeals from the dismissal, as frivolous and for failure to state a claim on which relief may be granted, of his complaint.

Although pro se briefs are liberally construed, *see Morrow v. FBI*, 2 F.3d 642, 643 n.2 (5th Cir. 1993), even pro se litigants must brief arguments in order to preserve them, *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).　Frey's pro se brief does not refer to any of the several defendants by name or by any other identifying characteristic, and he has therefore abandoned his claims by failing to adequately brief them.　*See id.*

Even if we assume *arguendo* that Frey's briefing is adequate, his appeal lacks arguable merit.　He sued medical care providers Williams and Adams, asserting that they failed to order that he be transported on a patient transport vehicle, and that they failed to order that he receive therapeutic medical devices.　Because the record establishes that Frey "was afforded extensive medical care by prison officials," however, he is unable to establish a claim of deliberate indifference to his serious medical needs.　*Brauner v. Coody*, 793 F.3d 493, 500 (5th Cir. 2015) (quotation and citation omitted).

Additionally, Frey's mere disagreement with the mode of transportation chosen by prison officials does not state an Eighth Amendment claim for indifference to medical needs.　*See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).　The record also establishes that Frey did not meet the criteria for any available mode of transportation other than "chain bus."　In view of the foregoing, the district court did not err in dismissing Frey's claims against Williams and Adams.　*See Brewster v. Dretke*, 587 F.3d 764, 770 (5th Cir. 2009).

Frey's claims against defendants Davis and Raimer were based on their supervisory positions, as were his claims against the unknown supervisors of

No. 18-41161

Williams and Adams. These claims were properly dismissed because Frey failed to allege that any of the supervisory defendants affirmatively participated in the acts that allegedly caused a constitutional deprivation or that an unconstitutional policy was implemented by these defendants and that such unconstitutional policy was causally related to his injury. *See Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011). Finally, Frey's claims against Moore and unknown investigators for their roles in the denial of his grievances were properly dismissed because an inmate has no liberty interest in having grievances resolved to his satisfaction. *See Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005).

Because Frey's appeal lacks arguable merit, it is dismissed as frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2. Both this court's dismissal of the instant appeal and the district court's dismissal of his complaint count as strikes for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). Frey had previously accumulated two strikes. *See Frey v. Buckingham*, 554 F. App'x 340, 342 (5th Cir. 2014) (noting that the district court's dismissal counted as a strike); *Frey v. Moss*, No. 4:13-cv-418 (E.D. Tex. June 23, 2015). Because Frey has now accumulated at least three strikes, he is barred from proceeding in forma pauperis in any civil action or appeal unless he "is under imminent danger of serious physical injury." § 1915(g). Frey is warned that filing actions or appeals that are frivolous or fail to state a claim will result in the imposition of additional and more severe sanctions.

APPEAL DISMISSED AS FRIVOLOUS; 28 U.S.C. § 1915(g) BAR IMPOSED; SANCTION WARNING ISSUED.

3